## MARANTHE, GENIE et al. *v.* CHARLES G. HUNTER et al.

Colored persons, until they are recognized as free, or until they are emancipated, cannot maintain a suit for wages. It would be otherwise in the case of a free person illegally reduced to a condition of slavery.

Decision in the case of the *State* v. *Harrison*, a slave, 11th Ann., respecting the constitutionality of the Act of 1855, relative to slaves and free colored persons, affirmed.

An obligation to emancipate a slave twenty-five years hence, and to take all legal steps, and to incur all necessary charges incident to such emancipation, has reference, not to such legislation as was in force at the date of the contract, but to such as might be in force when the contract is to be carried into execution.

APPEAL from the District Court of the parish of Point Coupée, *Cooley,* J. *David,* for plaintiffs and appellants. *W. H. Cooley,* for defendant.

LEA, J. The plaintiffs allege that they were the slaves of the late *Julien Poydras,* who died in the year 1825; that by the terms of the last will and testament of said *Poydras* they were entitled to their freedom, after having rendered faithful service as slaves for the period of twenty-five years subsequent to the death of said testator; that they have faithfully complied with the conditions of said will; that they are natives of the State, and have attained the legal age to be emancipated; that they were purchased by the defendants with the express stipulation on their part, that said slaves should be emancipated by and at the expense of the purchasers; that the period fixed for their continuance in slavery has long since elapsed, and that the defendants nevertheless refuse to cause them to be emancipated, as in law they are bound to do. Wherefore, they pray that they may be declared free. They further claim remuneration for their services from the date of citation, and pray for general relief.

To the demand, thus set forth in the petition and supplemental petitions, the defendants have excepted, on the following grounds :

1st. That under the allegations of the plaintiffs' petition, they can maintain an action only for their freedom.

2d. That by the Act of the Legislature of the 15th of March, 1855, all previous laws on the subject of emancipation were absolutely repealed, and that by the terms of said Act, all suits for the emancipation of slaves must be prosecuted by citation directed to the State of Louisiana, as represented by its proper officers, and that consequently the plaintiffs cannot prosecute this action against these defendants.

3d. That said Act of March 15th, 1855, so far as said defendants are concerned, is null and void, as imposing charges and burdens upon said defendants, not assumed by them in their original contract to emancipate said slaves.

For the purpose of determining the merits of the exceptions filed, it must be assumed that the facts set forth in the petition and supplemental petitions, are true; that the defendants did assume at the expiration of twenty-five years from the death of *Julien Poydras* to cause the plaintiffs to be emancipated, and to pay all necessary and legal charges incident to said emancipation.

We think the first exception above referred to is well taken. The plaintiffs' action must be restricted to a claim for freedom, or under the prayer for general relief to a demand that the defendants be ordered to take all the proper steps to cause them to be emancipated. See *Delphine* v. *Guillet*, 11 Ann. page —. Upon the face of the petition it is apparent that the plaintiffs are not free, and can only claim to be emancipated. Until they are recognized as free, or until they have been emancipated, they cannot maintain a suit for wages. It would be otherwise in the case of a free person who had been illegally reduced to a condition of slavery.

Upon the second ground urged by the defendants we think the defense is untenable. Even on the assumption that the legislation of 1855 repeals absolutely all previous legislation on the subject of the emancipation of slaves, it would not follow that plaintiff's action cannot be maintained. If the allegations of the petition are true, the defendants have assumed the obligation of procuring the emancipation of the plaintiffs in accordance with the laws of the State, whatever those laws may be. If the Act of 1855 were the only one in force, then it would be the duty of the defendants to proceed in accordance with its provisions.

But by the recent decision of this court, in the case of the *State* v. *Harrison*, the statute of 1855, "relative to slaves and free colored persons," has been declared null and void, as being unconstitutional. The exception, therefore, that the plaintiffs should have instituted a direct action against the State, is without foundation.

This brings us to the consideration of the third exception, to wit: that by the Act of 1855 additional burthens and charges are imposed upon those wishing to emancipate their slaves, beyond those required by previous statutes, and beyond those assumed by the contract of the defendants, that they are not bound to incur such additional charges and obligations as are imposed by this statute, and as all other statutes on the same subject have been repealed, that they are not bound to emancipate them at all.

MARANTHE
v.
UNTER.

The learned Judge of the District Court, in an opinion which evinces both ability and research, has maintained the affirmative of both of these propositions. Undoubtedly, no mere act of legislation can change a contract, or impair its obligation. But the question in this case is, what was the contract? An obligation to emancipate a slave twenty-five years hence, and to take all legal steps, and to incur all necessary charges incident to such emancipation, has reference, we think, not to such legislation as was in force at the date of the contract, but to such as might be in force when the contract is to be carried into execution. We cannot suppose that it was contemplated by the parties, that a change in the form, or even the legal charges incident to an emancipation, might deprive the plaintiffs of their ultimate right to freedom. Whether the statute of 1855 be considered as constitutional or not, or as regulating exclusively, or concurrently with other statutes, the emancipation of slaves, it would impose no new obligation upon the defendants, nor would it relieve them, as they suppose, from those which they have already assumed.

As, however, a majority of the court have concurred in the opinion, and have decreed that the whole of the statute of 1855 was unconstitutional, it becomes unnecessary to consider the effect of the repealing clause.

It is ordered, that the judgment appealed from be reversed; that the exceptions filed be maintained, so far only as relates to the claim of the plaintiffs for wages; that upon said claim for wages, there be judgment as in case of nonsuit, and that in other respects the exceptions be overruled. It is further ordered, that the case be remanded for further proceedings to be had herein according to law; and that the defendants and appellees pay the costs of this appeal.