## STATE OF LOUISIANA v. ADELINE, a Slave.

The confessions of the accused, being entirely voluntary, made to the officers who went to arrest her, are admissable.

The jury found the prisoner guilty of manslaughter, and condemned her to the penitentiary for twenty-five years. *Held:* That there was no error in the period of time fixed for the imprisonment of the accused. The Act of 6th April, 1856, page 114, did not repeal the 7th section of the Act of 1843, page 92.

APPEAL from a special tribunal organized for the trial of a slave, parish of Orleans. *Tappan*, District Attorney. *Clack*, for defendant and appellant.

MERRICK, C. J. The accused was tried by a special jury, organized under the Act "to provide for the trial of slaves accused of capital crimes in the parish of Orleans, approved 9th March, 1855, (Acts, p. 37,) for the murder of one *John Blakely.* The jury found the accused guilty of manslaughter, and condemned her to the penitentiary for twenty-five years.

The motions for a new trial, and in arrest of judgment, proving unavailing, the accused has appealed.

Her counsel urge in her behalf that the judgment of the lower court is erroneous:

1st. Because the court erred in allowing the confessions of the accused to go to the jury.

2d. Because the tribunal which tried the slave was without jurisdiction.

3d. Because the jury could not, after finding the accused guilty of manslaughter, extend the punishment beyond the longest period affixed by law to that crime.

4th. Inasmuch as the court did not convict or acquit the accused of a crime punishable with death, they could not inflict any other than corporeal punishment.

I. From the statement of the Judge, appended to the bill of exceptions, it appears that the confessions of the accused were entirely voluntary, and made to the officers who went to arrest her. Without being interrogated, or even called, she went to the officers and told them that she knew what they had come for; that it was to take her to the calaboose; that she knew very well what she had done, and if she had it to do over, she would do it again. Then in answer to a question, she said she had killed the deceased with a sword-cane, which she described, and said she had thrown it into the well. Her confessions do not appear to have been given under fear, or to have been drawn out by promises, and we see no error in the ruling of the Judge *a quo* in regard to them. We may add that it appears, by the bill of exceptions, that her confessions were corroborated by the discovery of a sword corresponding with the one described by her on searching the well.

II. The Act relative to slaves and free colored persons, approved May 15th, 1855, having been held unconstitutional, it removes any question which counsel might feel disposed to raise whether the subsequent statute repealed the former. See case of *The State* v. *Harrison*, 11 An.

III. The longest period affixed by law for the punishment of the crime of manslaughter, coupled with a discretionary fine of $2000, in the case of free persons, is twenty years. But in the case of slaves, a less restricted discretion is conferred upon the tribunal organized for the trial of slaves. By the 7th section of the Act of 6th of April, 1843, it is provided that "In all cases where capital punishment or imprisonment at hard labor for life is inflicted for any crime committed by a slave, the jury trying the same shall in its discretion pronounce sentence of death, imprisonment at hard labor for life, or for a shorter term, in prison or in irons in the service of his master, or order that corporeal punishment be inflicted." See Acts of 1843, p. 92. It has been held that this statute has not been repealed by the statute approved June 1st, 1846. See p. 114 of Acts of 1846, and cases of *State* v. *Slave Lewis*, 3 An. 398; *State* v. *Jackson, a slave*, 6 An. 595, and *State* v. *Slave Dick*, 10 An. 461. There does not, therefore, appear to be any error in the period of time fixed by the court *a quo* for the imprisonment of the accused.

IV. It has just been shown that the 9th section of the Act of 1846 had not the effect of repealing the seventh section of the Act of 1843. The jury were therefore not limited to the two kinds of punishment mentioned in the fourth objection urged by the counsel for the accused. It is urged in substance, that the policy of the Act of 1855, (and in consequence the Act of 1846, which was reënacted by it,) was to make two kinds of punishment, viz: capital, including imprisonment for life, and corporeal punishment. In the one case the State makes a partial indemnity to the owner of the slave for its loss, in the other

he is not deprived of its services.   And it may be added, if imprisonment for a long period of years is resorted to as a punishment, the owner is deprived of his slave for the most valuable period of its life without any indemnity.

As the punishment of imprisonment is more merciful, perhaps, than any corporeal punishment which the jury could inflict commensurate with the offence committed, the argument appears to be more in the interest of the master than the accused, and one which could be addressed to the Legislature with more hopes of success than to this tribunal.

Judgment affirmed.