HON. J. G. TALIAFERRO, ⎫
HON. R. K. HOWELL, ⎪
HON. W. G. WYLY. ⎬ *Associate Justices.*
HON. W. W. HOWE. ⎭

---

NO. 1945.—CITY OF NEW ORLEANS *v.* C. LUSSE AND R. RHULMAN.

The third section of the act of the Legislature of 1855, page 327, prohibiting Municipal Corporations within the State from levying any tax on persons engaged in selling articles manufactured by themselves within the State, is not in conflict with article 118 of the Constitution of 1868. A tax levied by the city of New Orleans on such persons is illegal.

APPEAL from the Seventh District Court of the parish of Orleans, *Collens*, J. *F. Michinard*, for plaintiff and appellant. *E. Howard McCaleb*, for defendant and appellee.

HOWELL, J.. The defendants are sued for a license tax, imposed by section thirty-nine, of Ordinance No. 818 N. S., upon their occupation as brewers for the year 1868.

They plead exemption therefrom by virtue of the third section of the act of 1855, page 327, entitled "An Act relative to Municipal Corporations," in the following words: "That it shall not be lawful hereafter, for any municipal corporation within this State, to lay any tax on persons engaged in selling articles of their own manufacture. manufactured within this State."

The city contends that this section is repealed by article 124 of the Constitution of 1864, and article 118 of the Constitution of 1868, which, it is urged, withdrew from the Legislature the power to exempt from taxation, save in certain specified cases, in which the present tax is not included. The article 124 reads : "Taxation shall be equal and uniform throughout the State. All property shall be taxed in proportion to its value, to be ascertained as directed by law. The General Assembly shall have power to exempt from taxation property actually used for church, school or charitable purposes. The General Assembly shall levy an income tax upon all persons pursuing any occupation, trade or calling, and all such persons shall obtain a license, as provided by law." Article 118 of the Constitution of 1868 is the same, except that in the last clause it says, that "the General Assembly *may* levy an income tax," etc.

In neither do we find anything inconsistent with the power of the Legislature to exempt persons from a *license tax*. Such a power not being prohibited, expressly or by necessary implication, is permitted. See *State* v. *Volkman,* not yet reported, and the cases in Hen. Dig. 788, III. Nos. 1, 2, 3, 4 and 6.

All laws in force at the time of the adoption of each Constitution, not inconsistent therewith, were continued in operation. The law quoted exempting manufacturers from the tax opposed herein, was declared in the case of the *City* v. *Mascaro,* 11 A. 733, to be in force, notwithstanding the provision on this subject, in the city charter (see acts 1856, p. 158, ◊ 102); and as the Constitution does not repeal it, we must consider it stil in force.

The judge *a quo* did not err in giving judgment in favor of the defendants.

It is therefore ordered that the judgment appealed from be affirmed with costs.