## No. 5710.

### STATE OF LOUISIANA VS. J. J. DANIEL.

The title of Act No. 71 of the Legislature, approved March 23, 1874, sufficiently covers the act so far as it annexes the city of Carrollton to and makes it a part of the city of New Orleans and parish of Orleans. The annexing of the territory of the city of Carrollton to the parish of Orleans and the city of New Orleans necessarily effected the change of the limits of the respective parishes, and such change was constitutionally effective by the terms used in the body of the act which make the upper line of Carrollton the upper boundary line of the parish of Orleans.

While the constitution directs and requires that the object or objects of a statute shall be expressed in the title, it does not require that all the details and provisions of the statute should be expressed or referred to in the title. If the object or objects of the act are expressed in the title, it is sufficient.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee*, J. Criminal case. *A. P. Field*, Attorney General, and *A. G. Brice* and *H. C. Castellanos*, for plaintiff and appellee. *R. King Cutler*, for defendant and appellant.

HOWELL, J. The defendant appeals from a judgment sentencing him

State of Louisiana vs. Daniel.

to imprisonment at hard labor for life in the State Penitentiary. He was indicted by the grand jury of the parish of Jefferson on the sixteenth of June, 1874, for the crime of murder, committed, as charged, in said parish on the twenty-first of December, 1873, on Joseph L. Coke, and was tried and convicted of said offense, without capital punishment, before the district court for said parish, on the fourteenth of January, 1875. On the first day of the trial, to wit: January 11, 1875, he moved to quash the indictment on the grounds, among others, that the grand jury who found the indictment was not a legal body, because some of the members thereof resided in the parish of Orleans; that the said grand jury could not legally hold sessions and act as they did in the city of Carrollton, which was, by Act No. 71 of the Legislature, approved March 23, 1874, annexed to the city of New Orleans, and constitutes the Seventh District of said city, and, substantially, that the offense being laid in the parish of Jefferson, the indictment should have been found by a grand jury composed solely of citizens of said parish and sitting therein. He also moved for a continuance of the trial, on the ground that the court before which he was arraigned was illegally sitting in the Seventh District of New Orleans, and the above act provided and required that the sessions of said court for said parish of Jefferson should be held at a place to be selected by the police jury thereof, and that said place and a court-house had been accordingly selected. He further excepted to the petty jury upon the same grounds that he urged against the grand jury.

The district judge, being of the opinion that the said Act No. 71 was unconstitutional, overruled the motion and exception. The objection to the said act, in this respect, is that the title does not embrace the provisions which changed the limits of the two parishes and removed the parish seat of the parish of Jefferson. The title reads: "An act to annex the city of Carrollton to the city of New Orleans; to provide for the transfer of certain transcripts from the office of the recorder; the transfer of books, papers, documents, and property of the city of Carrollton, and also the public schools, to the city of New Orleans; to provide for the debt of Carrollton; creating the Seventh District of the city of New Orleans and a municipal court, a sanitary district, and repealing the act incorporating the city of Carrollton."

In our opinion this title sufficiently covers the act, so far as it annexes the city of Carrollton to and makes it a part of the city and parish of New Orleans. The annexing of the territory of the city of Carrollton to the parish of Orleans and city of New Orleans necessarily effected the change of the limits of the respective parishes, and such change was constitutionally effective by the terms used in the body of the act, which make the upper line of Carrollton the upper boundary line of the

parish of Orleans. While the constitution directs and requires that the object or objects of a statute shall be expressed in the title, it does not require that all the details and provisions of the statute shall be expressed or referred to in the title. If the object or objects of the act are expressed in the title, it is sufficient.

It is therefore ordered that the judgment and verdict appealed from be set aside, and that this cause be remanded to be proceeded in according to law.

Rehearing refused.