(80 South. 542)

No. 23087.

BRANNON v. PARSONS.

(Jan. 6, 1919.)

*(Syllabus by the Court.)*

STATUTES ⬦114(2)—SUBJECT AND TITLE—CONSTITUTIONAL PROVISIONS.

The title to Act No. 170 of 1914 conveys the idea of an act, requiring that a discharged employé, if he demand payment, shall be paid, immediately, at the usual place of payment, the wages due him, and is inadequate and misleading as prefixed to the act, the text of which requires that such payment shall be made on demand, at the time and place of the discharge; hence the statute is not within the requirement of article 31 of the Constitution that the object of every law shall be expressed in its title, and is void.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by R. M. Brannon against P. Parsons. Judgment for plaintiff in part, and he appeals. Affirmed.

S. M. Cook and Dickson & Denny, all of Shreveport, for appellant.

David B. Samuel and Edward Barnett, both of Shreveport, for appellee.

## Statement of the Case.

MONROE, C. J. This suit is brought for the recovery of wages alleged to have been earned by plaintiff for 3½ days-of actual work, at $4.65 a day, under a contract of employment as a sheet iron worker, and for a further amount in the nature of a penalty, as imposed by Act No. 170 of 1914, by reason of the failure of defendant to pay the amount demanded, as required by that act, the prayer of the petition reading:

"Wherefore he prays that * * * there be judgment in favor of petitioner * * * in the full sum of $213.90, being the amount due to, and including, December 17, 1917 [the day the suit was instituted], and in the further sum of $4.65 for every day which shall elapse subse-quent to the date just above mentioned and until the claim is paid."

After answering, and after evidence upon the merits had been closed and the case continued for argument, defendant filed an exception of no cause or right of action, based upon the averments that the Act No. 170 of 1914 contravenes article 31 and article 2 of the state Constitution and the Fifth and Fourteenth amendments to the Constitution of the United States, the exception reading, in part, as follows:

"That the said act is unreasonable and discriminatory, in that it requires employers, at their peril, to pay demands of their laborers, whether reasonable or not, and whether due or not, under pain of running the risk of having to pay an exorbitant amount, and that said act denies to employers the equal protection of the law, in violation of article 2 of the Constitution of Louisiana and of the Fifth and Fourteenth amendments to the Constitution of the United States."

The act in question is entitled and reads as follows:

"An act providing for immediate payment of laborers and employés by every employer immediately if demanded by the discharged laborer or employé at the place where said employé * * * is usually paid, upon being discharged by their employers and providing that failure to pay them shall make the employer liable for their full time until they are paid or tendered payment.

"Section 1. * * * That it shall be the duty of every person, * * * firm, or corporation employing laborers or other persons of any kind whatever when they have discharged said laborer or other employé, to immediately pay the laborer or employé the amount due him or them under the terms of his or their employment whether by the day, week or month, provided that at the time of discharge the said laborer or employé has thereupon demanded from the employer the amount due under his employment.

"Sec. 2. * * * That any individual, firm, person or corporation employing laborers or others in this state who shall fail or refuse to comply with the provisions of article 1 of this act shall be liable to the said laborer or other employé for his full wages until the said per-

son, firm or corporation shall pay or tender payment of the amount due such laborer or other employé."

Section 3 contains a repealing clause.

The trial judge found the act to be in contravention of so much of article 31 of the state Constitution as requires that the object of an act shall be expressed in its title, and rejected plaintiff's demand for the amount claimed in excess of the wages actually earned, and fixing the rate at $4 a day, and holding that he had worked 3½ days, gave him judgment for $14, with interest, from which judgment he (plaintiff) prosecutes this appeal.

### Opinion.

The particular ground upon which our learned Brother rests his findings is that the title of the act in question declares it to be, quoting:

"An act providing for immediate payment of laborers and employés by every employer immediately if demanded by the discharged laborer or employé at the place where said employé * * * is usually paid upon being discharged by their employer," etc.

—whereas the text reads:

"That it shall be the duty of every person * * * employing laborers or other persons * * * when they have discharged said laborer or other employé to immediately pay the laborer or employé the amount due him * * * under the terms of his * * * employment * * * provided that at the time of discharge the said * * * employé has thereupon demanded from the employer the amount due under his employment."

And that there is an irreconcilable conflict between the title and the text upon the question of the place at which the payment is to be made—the title referring to the "usual place," and the text requiring it to be made at the time and place of the discharge and demand for payment.

We concur in the conclusion reached by the learned judge and in the reasoning upon which it is based, being of opinion that a title, which conveys the idea of an act requiring that a discharged employé, if he demand payment, shall be paid immediately, at the usual place of payment, is inadequate and misleading when prefixed to an act requiring such payment to be made, on demand, 'at the time and place of the discharge. It was so held by this court in the case of Sullivan v. Minden Lumber Co., 135 La. 331, 65 South. 479. A member of the Legislature, hearing the title read, might see no objection to requiring an employer to pay a discharged employé, the wages due him, on his demand, at the usual place of payment, and, yet, might seriously object to the enactment of a statute imposing a heavy penalty upon an employer for failing to make such payment, when demanded, at the time and place of the discharge, since the time might be a holiday, with the banks closed, or the midst of a storm, and the place remote from any depository for the safe-keeping of the money, as, also, from the time books or other books from which the amount due the employé could be ascertained. The act in question seems to have been hastily drawn in other respects, and is perhaps, susceptible of an interpretation which we are inclined to think would render it obnoxious to the other constitutional provisions to which defendant's counsel refer. As the case is before this court only upon the question of the constitutionality of the statute (Louisiana Society, etc., v. Moody, 52 La. Ann. 1815, 28 South. 224; Burguieres v. Sanders, 111 La. 109, 35 South. 478; City of New Orleans v. Lenfant, 126 La. 460, 52 South. 575, 29 L. R. A. [N. S.] 642), we express no opinion concerning that part of the judgment here in question, whereby plaintiff is awarded $14 as for services actually rendered, and from which no appeal was intended to be taken.

Judgment affirmed.