BAND, Justice.
 

 It is charged by information filed in this case that defendants “did willfully, unlawfully and feloniously receive and have in their possession one automobile, of the goods, chattels and property of one Mearnal O’Neill, before then feloniously stolen, taken and carried away, they, the said Willie Thompson, and the said Charles Thomas, each, then and there well knowing and having reason to believe that the said property had been so feloniously stolen, taken and carried away.”
 

 The state admits that the information against defendants is drawn under section 13 O') of Act No. 21 of 1932, which reads as follows:
 

 “Any person who, with intent to procure or pass title to a motor vehicle which he knows or has reason to believe has been stolen, shall receive or transfer possession of the same from one to another, or shall have in his possession any motor vehicle which he knows or has reason to believe has been stolen, and who is not an officer of the law, engaged at the time in the performance of his duty as such officer, shall be guilty of a felony ; and, upon conviction, shall be punished by imprisonment in the State Penitentiary, at hard labor, for a period of not less than one (1) nor more than five (5) years.”
 

 Defendants filed a joint motion to quash the information on the following grounds:
 

 (a) That the title of the act embraces two or more objects, in violation of the state Constitution (article 3, § 16).
 

 (b) That the body of the act is broader than its title.
 

 (c) That'the section under which defendants are charged “is not contained in the act,” meaning, of course, in the title of the
 
 act
 

 (4)
 
 That the act is
 
 meant as
 
 a civil or regulatory statute and endeavors to create offenses, both misdemeanors and felonies, contrary to the Constitution of the state.
 

 The motion to quash was maintained in the court below, and the state has appealed.
 

 The main object of Act No. 21 of 1932 is stated in its title to be: “To provide for the regulation of traffic on the public roads, nigh ways and bridges of this State; * . * * to provide penalties for violations of this act; * * * to prescribe and denounce certain acts growing out of the use of the public roads, highways and bridges of this State as misdemeanors, to define the same, and to provide penalties and punishment therefor; * * * to punish by fine, forfeiture or imprisonment certain violations of this act. * *
 
 * ”
 

 The title of the act is quite lengthy and contains numerous details for the purpose of its enforcement. But nowhere do we find in the title of the act any purpose to define or to punish .any violation of the laws of this state, unless the same grows out of the regu
 
 *809
 
 lation of traffic on the public roads, highways, and bridges.
 

 It is clear, therefore, that section 13(3) of Act No. 21 of 1932, in denouncing as a crime the mere possession of any motor vehicle, with knowledge or reason to believe that the same has been stolen, attempts to create an offense that is wholly disconnected with the regulation of the use of the public roads and highways, and that is not, in the remotest sense, germane to the main purpose or object of the act.
 

 Manifestly, this section is unconstitutional, null, and void, creates no offense at all under the act,, and the information drafted thereunder against defendants was properly quashed.
 

 Provisions in a statute not germane to its main purpose, as expressed in the title, may be rejected, and do not require that the whole act be declared unconstitutional as having more than one distinct and independent purpose. State v. Fobbs, 160 La. 237, 106 So. 840.
 

 2. The contention by defendants that Act No. 21 of 1932 is meant as a civil or regulatory statute, and endeavors to create offenses, both misdemeanors and felonies, contrary to the Constitution of the state, is without any merit whatever.
 

 The act provides penalties of fine or imprisonment, and by no manner of means can it be interpreted to be merely a civil or regulatory statute, when penalties of fine and imprisonment are provided by both title and the body of the act.
 

 Judgment affirmed.