MOISE, Justice.
 

 From an adverse judgment, denying the relief prayed for, the plaintiff prosecutes this appeal.
 

 The petitioner, a resident taxpayer, engaged in the construction business relating to sewerage and water lines, brings this action against the City of Shreveport and the Commissioner of Public Utilities, seeking to enjoin certain construction work being performed through that city’s own crew, which extends the sewerage and water system. He alleges that this work is now being done without letting a contract to the lowest responsible bidder, and that by virtue of the provisions of Act No. 73 of 1926, as amended, when public work exceeds the sum of.$1,000, it is the duty of the municipal authorities in all such cases, to let the work by contract because such construction work is neither emergency nor maintenance but is new extension work. A supplemental and amended petition was filed in which it was alleged that two other projects are in, the course of construction, which will be completed by the City’s own crew, unless prohibited by injunction.
 

 The defendant answered admitting that the various jobs described in the original petition had been performed; that they intended to proceed with the same policy they had followed for many years; that the work was done for maintenance and repairs of the water and sewer lines, and that, even where there is no extreme emergency, the City is not prohibited iby law from using its own crew to do the necessary labor; and that such procedure is to the best financial interest of the City and results in savings of thousands of dollars, and avoids delays that would be expensive and injurious.
 

 On the trial of the rule to show cause why a preliminary injunction should not issue, the district court rejected plaintiff’s demands, holding in substance that the interpretation of the provisions of Act No. 73 of 1926 as amended, sought to be invoked by the plaintiff would render the Act invalid in part because of an enlarge
 
 *83
 
 ment of the constitutional limitations imposed with reference to the title of legislative acts. Art. 3, Sec. 16, Const.1921.
 

 The plaintiff, through his counsel, has argued, with great zeal 'and ability, that the district court is in error in its interpretation of the Act in question, contending that the title forms no part of the law and that it can be brought in aid for interpretation only where there is doubt or ambiguity of its provisions.
 

 In the enactment of a statute the Legislature is supreme, except when restricted by constitutional authority. Bozant v. Campbell, 9 Rob. 411; New Orleans v. Graihle, 9 La.Ann. 561; State v. Hufty, 11 La.Ann. 303; In re New Orleans Draining Co., 11 La.Ann. 338; Hunsicker v. Briscoe, 12 La.Ann. 169; Avery v. Police Jury, 12 La.Ann. 554; State v. Gutierrez, 15 La.Ann. 190; State v. Volkman, 20 La. Ann. 585; New Orleans v. Lusse, 21 La. Ann. 1; Crescent City Gaslight Co. v. New Orleans Gaslight Co., 27 La.Ann. 138; Excelsior Planting &c. Co. v. Green, 39 La. Ann. 455, 1 So. 873. To determine the extent of such restriction we are bound to consider both the title and the body of the Act. The contention urged by the plaintiff follows the doctrine upheld in England. However, the reason therefor is that in our Mother Country the titles to the Acts of Parliament are added by the Clerk and, therefore, they form 'no part of the law. Under our Constitution, if a statute has no title there can be no law. An act must be restricted to one object and this must be expressed in its title. The decisions of this Court construing the provisions of Article 3, Section 16 of the Constitution have interpreted the word “object” as applied to the law, to be the aim and purpose of the enactment, the “subject” is a matter to which it relates and with which it deals:
 

 The general subject of the law and not its details are to be found in the title, which would- otherwise be as long as the body of the act. By some general but concise expression, as a title, the attention of legislator and citizen is to be fixed on the main subject matter, to which the details in the act itself are but auxiliary. State v. Harrison, 11 La.Ann. 722; Maranthe v. Hunter, 11 La.Ann. 734; State v. Adeline, 11 La.Ann. 736, State v. Daniel, 28 La.Ann. 38; [American Printing House for Blind,] Louisiana Board of Trustees v. Dupuy, 37 La.Ann. 188; Compagnie Francaise v. Board of Health, 51 La.Ann. 645, 25 So. 591, 56 L.R.A. 795, 72 Am. St. Rep. 458; McKeon v. Sumner Bldg. &c. Co., 51 La.Ann. 1961, 26 So. 430; State ex rel. v. Michel, 125 La. 55, 51 So. 66; State v. Hincy, 130 La. 620, 58 So. 411; Ayers Asphalt Pav. Co. v. Hill, 3 Orleans App. 368.
 

 In 37 A.L.R. 947, we find the following summation :
 

 “The constitutions of most of American states contain provisions which ordain that the ‘subject’ or ‘object’ of each statute shall - be expressed in the title. In the states be
 
 *85
 
 longing to this category the operation of the title is twofold. It is 'not only an indication of the legislative intent, but is also a limitation upon the enacting part of the law.’
 

 “The judicial statements mentioned in the footnote show that there is some conflict of opinion as to the question whether the effect of these provisions is to render the title a part of an act, and that language 'expressive of diverse views is' sometimes found in cases decided in the same jurisdictions.
 

 “The preponderance of authority, it will be observed, is very decidedly in favor of an affirmative answer to this question. It is difficult to perceive any satisfactory ground upon which a definite statement which the organic law requires a legislation to prefix to a statute, and which not only purports to specify the contents of the formal enacting clauses, but also operates so as- to invalidate any of those clauses which are outside the scope indicated by it, can be placed in any other category than that of a portion of the statute itself. * * * ”
 

 We know of no rule for interpreting the scope of legislative enactments other than that indicated by the title and the language contained in the enacted clauses of the act taken in connection with the purpose of the law.
 

 Article 3, Section 16 oí the Constitution of 1921 reads as follows: “Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object.”
 

 The last amendment of the title of Act No. 73 of 1926 is contained in Act No. 20 of the Fourth Extra Session of 1935, which reads as follows:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, that the title of Act No. 73 of the regular session oí 1926, as amended by Act No. 190 of 1928/ be and the same is hereby amended and re-enacted so as to read as follows:
 

 “ ‘An Act relative to the proper letting of contracts for the purchase of materials or supplies, or the doing of public work, by the parochial, municipal and other public corporations and political subdivisions of the State; providing the method of letting such contracts; prescribing a penalty for the violation of the provisions hereof; and repealing all laws or parts of laws, general or special, in conflict herewith.’ ’•’ : ;
 

 In considering the language of the Act in question, we will use as a yardstick the rule of interpretation as hereinabove outlined. The title to the act in question pertains to the “letting of contracts”. There is no fault to be found with the •title. The objectionable part, however, is that the body of the Act seemingly goes beyond the title, because Section 1 of the Act declares that all work to be done exceeding $1,000 shall be advertised and let -by contract and it also states that the letting shall be to the lowest responsible bidder, who has bid, according to the con
 
 *87
 
 tract’s plans and specifications. This section also provides that contracts
 
 to
 
 be let for such work shall not 'be advertised where the amount does not exceed $1,000, if the governing authorities do not think it necessary. Amendment, Act No. 374 of 1948. What is most significant is that the title to the act does not prohibit the City from doing its own work nor does the title expressly say that all work must be done by contract, and the language used in the title and the body of the Act would make it manifest that the title makes no reference to work done by the municipality with its own force but only to work which is done under contract.
 

 This Court cannot change the title of the statute and when any of its provisions go beyond the constitutional injunction imposed, the Act is invalid to that extent. If the Court could extend the Act by working in some object not embraced in the title, we would alter the enactment and become ourselves the aggressors and violate both the. law and the spirit of the constitution. If we can add to the enactment, we can take away; if we can mend, we can mar; and' to extend the title other than relating to the one object—the letting of a contract—is not to decide a judicial controversy but to write in another sentence, thereby assuming a position of authority over the actions of another co-equal branch of the government, the Legislature, an authority which we plainly do not possess.
 

 It will be noted that in the enactment of statutes, the Constitution provides under Article 3, Section 24 of 1921, that the law shall be read on three different days in each house, and then, it makes the requirement that the law shall be read in its entirety on the third day. The first two days it is read by its title and this is notice to the State and its people just what its representatives are enacting. It is, in effect, a constitutional citation and in operation the same as a citation on a demand in an ordinary suit or action instituted in court. In the instant case, the City of Shreveport felt secure on the citation as contained in the title of this act and continued the work by the extension of its public utilities with its own crew as it has done since 1901.
 

 The weight of our jurisprudence is against plaintiff’s contention and as every case must be decided by its own particular facts, we are adopting a construction from the facts of this suit, the Act itself, and the restrictions imposed by the Constitution.
 

 In the case of City of Alexandria v. Hall, 171 La. 595, 131 So. 722, 724, the Court said: “It is well settled that a statute may be valid in part and invalid' in part, and that the invalid part may be disregarded altogether and the other part constitute a valid statute, if the two parts are not so intimately connected as to raise the presumption that the Legislature would not have enacted the one without the other. State v. Cognevich, 124 La. 414, 50 So. 439; 26 A. & E.E. 595.”
 

 
 *89
 
 In Home Bldg. etc. Co v. Roanoke, 91 Va. 52, 20 S.E. 895, 899, 27 L.R.A. 551, it is stated:
 

 “It is, however, contended by appellant that because section 50 of the charter of Roanoke requires all contracts for the erection of public improvements or buildings within the jurisdiction of the city council to be let to the lowest responsible bidder, after notice, etc., all the acts and doings of the city in connection with the building or construction of the bridge approach in Randolph Street are manifestly contrary to law and illegal, — ultra vires.
 

 “We see nothing in that clause of the charter which inhibited the city from constructing public buildings or improvements under direction of its own engineers and officers. It simply provides that when such buildings or improvements are let to contract, it shall be to the lowest bidder, and after advertisement, as provided. Any other construction of that provision would prove dangerous, if not injurious, to any city, since we see from this record that, if that construction had been followed, the approaches to the overhead bridges in the city of Roanoke would have cost the city $8,000 or $10,000 more than they will under the mode of construction adopted by the city.”
 

 The plaintiff has referred to cases in other jurisdictions which hold that when an Act of the Legislature requires work to be done by contract and letting to the lowest bidder, a municipality cannot evade the law, and he refers particularly to the case of Perry v. City of Los Angeles, 157 Cal. 146, 106 P. 410, quoting from it language which declares that where a statute requires that any work must be let to the lowest bidder there is no possible basis for any other construction than- the one making bids and contracts imperative. This language could apply to the instant case, if the title to our Act made it mandatory for municipalities to let contracts to the lowest bidder, and prohibited those municipalities from doing work with their own crew of employees.
 

 In Home Building & Conveyance Co. v. Roanoke, 91 Va. 52, 20 S.E. 895, 27 L.R.A. 551, the rule is stated as follows; “A provision that all contracts for public improvements or building shall be let to the lowest responsible bidder does not prevent a city from constructing such work under the direction of its own engineers and. officers.”
 

 This record, likewise, shows that the City has performed this work with its own crew during the past 48 years and a court will be reluctant to overrule a. long-standing interpretation placed upon a statute by administrative officers charged with its execution and enforcement. Kleinpeter v. Ferrera, 179 La. 193, 153 So. 689; State v. Thompson, 178 La. 806, 152 So. 530; State v. Rawls, 161 La. 628, 109 So. 146; State v. Fobbs, 160 La. 237, 106 So. 840; Surety Credit Co., v. Tieman, 171 La. 581, 131 So. 678; Mason v. New Orleans Ter
 
 *91
 
 minal Co., 143 La. 616, 79 So. 26; Brannon v. Parsons, 144 La. 295, 80 So. 542; Airey v. Tugwell, 197 La. 982, 3 So.2d 99; State ex rel Thompson v. Department of Civil Service, 214 La. 683, 38 So.2d 385. We find nothing in the title of Act No. 73 of 1926, as amended, prohibiting the City from doing its own work, nor is there anything in its title to the effect that contracts must be let to private contractors. It is our duty to interpret the statute as to render it operative and not to cast a doubt
 
 on
 
 its constitutionality. The statute clearly relates, as its title indicates, to the letting of a contract when a contract is to be let.
 

 The judgment of the district court is affirmed at plaintiff-appellant’s cost.
 

 HAWTHORNE, J., concurs with written reasons.
 

 McCALEB, J., concurs in the decree.
 

 O’NIELL, C. J., takes no part.