Frank **MADDOX** et al., Appellants,

v.

**ÆTNA CASUALTY AND SURETY COMPANY**, Appellee.

No. 17132.

United States Court of Appeals Fifth Circuit.

Sept. 9, 1958.

**52**

Ado C. Skeels, Thomas A. Harrell, Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, La., for appellants.

Harry A. Johnson, Jr., Shreveport, La., Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

The question presented here is whether an action by his next of kin for damages arising from injury to and death of Nathan Maddox can be maintained as a tort action against one not his employer, or whether the exclusive remedy lay under the Louisiana Compensation Act. The trial court held that said Act provided the sole remedy, and granted appellee's motion to dismiss, treated as a motion for summary judgment. This appeal challenges the correctness of that judgment.

The City of Shreveport, engaged in expanding its facilities for furnishing water to its inhabitants, contracted with Black and Veatch, Consulting Engineers, to prepare plans for this work and to supervise its execution; and appellee Aetna Casualty & Surety Company was liability insurer for the engineers. The city contracted with Tetyak-Young Construction Company to perform the work, including the installation of a thirty-six inch water main, and intervenor Travelers Insurance Company was their liability insurer. Nathan Maddox was employed by the contractors. As work on the main was nearing completion, the engineers sent their employee, Sawyer, to inspect it. He called on the contractors for a man to accompany and assist him and they complied by sending Maddox. The two were inside this thirty-six inch main when Sawyer negligently lighted a match to facilitate the inspection. An accumulation of gas in the main exploded, critically injuring Maddox. Some months later he died while plastic surgery was being performed.

Appellants, brother and sister of Nathan Maddox, brought this tort action against Aetna as insurer of the engineers.[1] The court below, after two hearings and after permitting appellants to mend their hold by amendments and an affidavit, entered summary judgment in favor of appellee, holding that under the Louisiana Compensation Act,[2]

1. Travelers, insurer of the contractors, had paid Maddox regular workmen's compensation payments as long as he lived (including large amounts of medical and hospital expense) and had continued the payments after his death to his common law wife as natural tutrix of their two children. Upon the filing of this action by appellant, Travelers intervened seeking recovery from appellee of what it had so paid.

2. LSA–R.S. 23:1061 provides:
"Where any person (in this section referred to as principal) undertakes to execute any work, *which is a part of his trade, business, or occupation* or which he had contracted to perform, and

the contractors were merely the *alter ego* of the city; or that, in any event, they were the employer, *pro hac vice* of Maddox;[3] and that the work being done at the time of Maddox' injury was an "interrelated and component" part of the city's business.[4] It held further that the contractors and Aetna were not third parties within the meaning of LSA–R.S. 23:1101 (and cf. LSA–R.S. 23:1061 and 1032), but that all contracting parties were members of the same "compensation family."[5] Upon the authority of Conley v. City of Shreveport, 216 La. 58, 43 So.2d 223, and Labit v. Terrebonne Parish School Board, La.App., 49 So. 2d 431, the trial court rejected the contention of appellant that the City of Shreveport could not itself construct public works of the nature here involved under the amendment adopted by the Louisiana Legislature through Act 589 of 1954, LSA–R.S. 38:2211.

Under the Louisiana rule of liberal construction, which we have followed in Hall v. Continental Drilling Co., infra, and other cases, we think the decision of the trial court was correct. We have had the questions here presented before us many times,[6] and we have consistently followed the Louisiana cases cited in the opinion of the trial court and have held the Workmen's Compensation Act to be the exclusive remedy. We reiterate what we said in Fontenot, supra, (243 F.2d at page 574) that anything we might write on this case would be "merely a repetitious rediscussion of the record and the cases * * *"

Appellants seek to escape the plain holdings of these cases by filing an affidavit by one of their attorneys stating that he had conferred with the attorney and other officials of the City of Shreveport, who had told him that the major construction in progress when Maddox was injured "would not be undertaken by the City of Shreveport in the course of its business of operating and maintaining its water supply system * * *" Assuming that testimony of this nature, if properly placed before the court, would have the effect of relieving the city of the proprietary duty imposed upon it by law and undertaken by it through the years, the affidavit presented nothing which the court below was at liberty to consider. The case was being presented on a motion to dismiss, transformed under Rule 12(b), F.R.Civ.Proc., 28 U.S.C.A. to a motion for summary judgment wherein it is provided:[7] "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or his dependent, any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him; * * *" [Emphasis added.]

3. Citing Dixie Machine Welding & Metal Works, Inc., v. Boulet Transportation Co., La.App., 38 So.2d 546, 553, and B & G Crane Service v. Thomas W. Hooley & Sons, 227 La. 677, 80 So.2d 369.

4. Based upon Thibodaux v. Sun Oil Company, 218 La. 453, 49 So.2d 852, 854.

5. Citing Coal Operators Cas. Co. v. Fidelity & Casualty Co. of New York, 223 La. 794, 66 So.2d 852; Aetna Casualty & Surety Co. v. Manufacturers Casualty Insurance Company, D.C., 140 F.Supp. 579, and Turner v. Oliphant Oil Corporation, La.App., 200 So. 513.

6. Isthmian S.S. Co. of Delaware v. Olivieri, 5 Cir., 1953, 202 F.2d 492; Tucker v. Texas Co., 5 Cir., 1953, 203 F.2d 918; Fontenot v. Stanolind Oil & Gas Co., 5 Cir., 1957, 243 F.2d 574, approving the opinion of the District Court reported in 144 F.Supp. 818; Hall v. Continental Drilling Co., 5 Cir., 1957, 245 F.2d 717; Leslie v. Cities Service Refining Corp., 5 Cir., 1958, 252 F.2d 902, and Dodge v. Anderson, 5 Cir., 1958, 255 F.2d 246.

7. Rule 56(e), F.R.C.P.

It will not do to say that the city officials declined to sign affidavits. Such relevant testimony as they might have given could have been obtained by taking their depositions, filing requests for admissions, or pursuing the other means provided in the Federal Rules of Civil Procedure.

The judgment of the District Court is

Affirmed.