Walter L. **ANDERSON**

v.

**DIXIE DRILLING COMPANY** and American Automobile Insurance Company of St. Louis, Missouri.

Travelers Insurance Company, Intervenor.

Civ. A. No. 5059.

United States District Court W. D. Louisiana, Opelousas Division.

May 14, 1959.

Stubbeman, McRae & Sealy, Midland, Tex., Charles F. Bailey, William H. Mouton, Bailey & Mouton, Lafayette, La., for plaintiff.

Seth Lewis, Lewis & Lewis, Opelousas, La., for defendants.

Richard C. Meaux, Davidson, Meaux, Onebane & Donohoe, Lafayette, La., for intervenor.

BEN C. DAWKINS, Jr., Chief Judge.

For the purpose of this motion, the facts are simple and undisputed:

Pure Oil Company, whose business consists of exploring for, producing and marketing oil, gas and other minerals, engaged defendant, Dixie Drilling Company, Inc., as an independent contractor, to drill a well upon one of its leases in Vermilion Parish, Louisiana. Pure separately contracted with Core Laboratories, Inc., also as an independent contractor, to perform the well logging services, consisting of core analyses, for that well. Plaintiff, a geologist employed by Core, was injured allegedly when employees of Dixie negligently permitted a reamer to fall from the derrick floor upon him as he approached a ramp to connect a water hose needed for his core analysis work. He sues Dixie and its liability insurer in tort for the injuries and damages allegedly sustained by him.

Judge Hunter, of this Court, denied defendants' original motion to dismiss (although he did dismiss the suit as to Pure, which also was named originally as a defendant). In their renewed motion to dismiss, defendants rely now upon Maddox v. Aetna Casualty & Surety Company, 5 Cir., 259 F.2d 51, and authorities therein cited, which they contend are on all fours with this case. We do not agree.

In Maddox, and the other cases relied upon by defendants, the classical contractual sequence referred to in LSA–R.S. 23:1061 was presented, that is, owner — contractor — sub-contractor — employee, all with complete privity in the ascending-descending line, and necessarily workmen's compensation was the only liability there. Here, there is no ascending-descending employer-employee, or pseudo employer-employee relationship, there being no privity of contract between Dixie and Core, which stand in a sort of collateral position one to the other. In other words, both Dixie and Core were in privity with Pure, but not with each other.

Comparison of the facts in the present case with Maddox shows a complete absence here of the factors that were decisive in that case. In Maddox, at the time of the accident, that plaintiff was a borrowed employee of Black & Veatch. Here, plaintiff was not borrowed by

Dixie at any time, nor was he performing any work for Dixie at the time of the accident. On the contrary, his work was for Pure—i. e., Dixie's drilling job and plaintiff's work, as the representative of Core, were separate and unrelated. Dixie had no actual or implied control over Core and its employees, nor any right to control them. When plaintiff was injured, Dixie did not even know of his whereabouts, he then being engaged in work strictly related to core analysis, having no connection with Dixie's drilling operation.

In Maddox, the written contract between the City and Tetyak-Young expressly provided that Black & Veatch had direct supervision and control over all details of the work being performed by Tetyak-Young through its employees. In fact, Black & Veatch were in complete charge of the contractor as representatives of the City, and thus were in the same position as the City itself *quoad* Maddox and other employees of Tetyak-Young. Here, Pure, the owner of the well, delegated by separate contracts entirely separate jobs having no direct relation to each other, to be separately performed by separate contractors. Therefore, no privity existed between Dixie and plaintiff, who could not sue Dixie for compensation since his employer, Core, was not a sub-contractor, or under the control, of Dixie. There thus was no relationship, in the ascending-descending line of employment, nor in any other way between Dixie and Core, and, in fact, the only connection between the two was that they both were working at the same well site for the same owner, Pure. Therefore, it cannot be said, as in Maddox, that Dixie was the *alter ego* of Pure as to Core and its employee, plaintiff.

As pointed out in plaintiff's opposition brief, if Maddox should be extended to this case, the third-party liability provided by LSA–R.S. 23:1101 would be rendered meaningless except in the rare cases where utter strangers to the job cause injury. For example, there could

have been no recovery in tort in Benoit v. Hunt Tool Company, 219 La. 380, 53 So.2d 137, for there the plaintiff, an injured employee of the principal, could not have recovered damages from the principal's contractor if the latter were deemed to be the former's *alter ego*, and if all were considered as members of "the same compensation family".

For these reasons, we believe that Judge Hunter's original ruling, as to the motion of these defendants, was in all respects correct; and the renewed motion to dismiss, treated as a motion for summary judgment, must be and is denied. .