REGAN, Judge.
Plaintiff, Methodist Hospital, filed this rule to show cause why the Sewerage & Water Board of New Orleans should not be enjoined from billing it for water when it falls into a class of institutions given free water by virtue of LSA-Const. Art. XIV, Sec. 23.3. Plaintiff asserted that if it is denied the exemption enjoyed by other hospitals because it is not specifically designated by its name in the Constitution then the act is unconstitutional since it is not treated equalty with instructions similarly situated. Plaintiff insists that its exclusion would be in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution. Alternatively, plaintiff sought to enjoin the Sewerage & Water Board from furnishing free water to any hospital in New Orleans if the Methodist Hospital was not classified as exempt.
In response to the foregoing rule the defendant pleaded the exception of non-join-der of necessary and/or indispensable parties, asserting that the hospitals specifically exempted from payment of water bills in the Constitution should be joined in this litigation since they have an interest to protect.
From a judgment ordering the defendant to grant free water service to plaintiff as it does to other non-profit hospitals in New Orleans, the defendant has appealed.
In view of the result that we have decided should be reached herein it is unnecessary that we determine the validity of the exception of non-joinder of indispensable parties, pleaded by the defendant.
The litigants have stipulated that the plaintiff is a non-profit medical hospital facility that falls into the same classification as the hospitals enumerated in LSA-Const. Art. XIV, Sec. 23.3. When this section was last amended, Methodist Hospital did not exist. The significant portion of the Constitution reads:
“The Sewerage and Water Board of New Orleans may fix the rates to be charged private consumers of water including the power to exceed the total rates in force on November 1, 1913, and to collect the same from all persons who use water from the public water supply, except the City of New Orleans and its public institutions from which no revenue is derived, the Charity Hospital, the House of Good Shephard, Hotel Dieu, DePaul Sanitarium, Touro Infirmary, Mercy Hospital, Bye, Ear, Nose and Throat Hospital, Baptist Hospital of New Orleans, Flint-Goodridge Hospital, Home for Incurables, Sara Mayo Hospital and all orphan asylums and eleemosynary homes for indigent, aged and infirm. All of the aforementioned hospitals, with the exception of Charity Hospital in New Orleans, may, in the discretion of the Sewerage and Water Board, pay regular rates for water used for laundry and air conditioning purposes; # % Jji >>
*375 When the lower court granted plaintiff free water service under this section of the Constitution, the defendant asserts that it, in effect, usurped a legislative prerogative and thus judicially amended this section to include plaintiff. It is the Board’s position that the rationale and the verbage of the section limits the exemption to those hospitals designated and named therein.
Were we to adopt the foregoing reasoning, it would necessitate our declaring unconstitutional that portion of the section exempting hospitals in the New Orleans area from paying for water service. In order to meet the requirements of the equal protection clause of Amendment 14, Section 1 of the United States Constitution, a law must affect equally all members of a class similarly situated.[1] In this case, Methodist Hospital must be afforded an exemption under this provision if the exemption established for the benefit of other New Orleans hospitals is to remain within the constitutional pale.
Therefore we must determine whether the language granting the exemption to hospitals is broad enough to include plaintiff, as well as other similar institutions that have come to exist since this section was last amended.
Our analysis of this section of the Constitution convinces us that the Legislature intended to exempt hospitals in the City of New Orleans from paying for water furnished from the public supply, other than that consumed for laundry and air conditioning purposes. We are likewise convinced that the enumeration of various hospitals in the Constitution was intended to be illustrative and not exclusive. We are fully aware of the fact that the ambiguity existing in the wording of this section of the Constitution may lend itself to the interpretation insisted upon by counsel for the defendant, however, we reject that interpretation since we must adhere to the well established rule of judicial construction requiring us to favor an interpretation that would not strike down a law as unconstitutional.[2]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Estay v. Lafourche Parish School Board, La.App., 230 So.2d 443 (1969).

. Succession of Baker, 129 La. 74, 55 So. 714 (1911).