DENNIS, Justice,
concurring.
I respectfully concur in the judgment of the court. However, I believe that the majority opinion has incorrectly construed Article 4, § 5(E)(1).
La. Const. Art. 4 § 5(E)(1) specifically grants an automatic pardon to all first offense felons upon completion of their sentences and restores full rights of citizenship. The right to bear arms is a right of citizenship. La. Const, art. 1 § 11.
In my opinion, La.R.S. 14:95.1 does not conflict with or abridge the constitutional guarantee of the defendant’s citizenship right to bear arms. Section A of the statute provides that persons convicted of certain enumerated felonies shall not possess a firearm or carry a concealed weapon. However, Section (C) of this statute, provides that:
this Section shall not apply to the following cases:
(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
A convicted felon may therefore lawfully possess a firearm under this statute if he applies for and receives a permit from the sheriff. The statute does not differentiate first offenders and multiple offenders and, most importantly, does not indicate whether the sheriff must issue a permit to each applicant, or is at liberty to refuse such requests. I would construe this section of the statute to require the sheriff to issue a permit to every applicant who has been automatically pardoned as this is the only construction that preserves the first offender’s constitutional right to bear arms. Where a statute is susceptible of multiple constructions, we are obliged to favor the construction that would not strike the statute down as unconstitutional. Tanner v. Beverly Country Club, 47 So.2d 905, 217 La. 1043 (1950); Conley v. City of Shreveport, 43 So.2d 223, 216 La. 78 (1949); Methodist Hospital v. Sewerage & Water Board, 263 So.2d 373 (La.App. 4th Cir.1972). This construction would allow the state to maintain records of ownership and registration of firearms by convicted offenders, but this regulation would not abridge the right of once-convicted felons to bear arms. The alternative construction of this section would destroy this constitutional right by giving complete discretion to the sheriffs to refuse to issue the permits.
In the present case, defendant, a once-convicted felon, failed to apply to the sheriff for a gun permit. Therefore, defendant violated La.R.S. 14:95.1 when he possessed a firearm without first obtaining a permit. Defendant’s automatic pardon from his earlier conviction does not preclude the state from regulating his possession of firearms in this manner as the automatic pardon provision does not restore the status of innocence "to the convict who has merely served out his sentence. State v. Adams, 355 So.2d 917 (La.1978).
*566 I, therefore, concur in the majority’s decision to affirm defendant’s conviction.