Dear Senator Hines:
You have requested an Attorney's General Opinion regarding the interpretation of certain language contained in the General Appropriations Act of 1996-97 (the "Act"). In particular, Schedule 09-306 entitled Medical Vendor Payments — Governor's Supplementary Budget Recommendations of the Act includes the following language:
 "Provided, however, that for the Pharmacy Program the Department of Health and Hospitals shall promulgate rules to ensure that Medicaid beneficiaries requiring more than five (5) prescriptions per month will be able to receive such prescriptions upon receipt of authorization of the Department of Health and Hospitals and upon physician's orders that a medical necessity exists."
According to your correspondence, the Department of Health and Hospitals ("DHH") adopted, but subsequently rescinded, an emergency rule establishing a five (5) prescription limit per Medicaid recipient per month with provisions for (a) additional prescriptions based upon the physician orders that a medical necessity exists and (b) exemptions for specified recipient groups to be effective for services January 1, 1997 and thereafter.
We understand that DHH intends to pursue adoption of the rule again, on a non-emergency basis, in the near future. It is also our understanding that several members of the Legislative Committees on Health and Welfare oppose such a rule, based on their interpretation of the above quoted language from the appropriations bill, hereinafter referred to as the "Mandate".
According to your letter, the Committee members feel that the Mandate does not require DHH to adopt a rule limiting the number of prescriptions Medicaid patients can receive; rather, these members feel that the Mandate requires DHH to promulgate a rule ensuring that certain Medicaid recipients who have proper authorization will be able to receive more than five (5) prescriptions per month.
Please be advised that it is our opinion that the Mandate does not require the adoption of a five prescription limit per month limit. Please be further advised, however, that even though DHH is not "required" to adopt a five prescription limit, it is our opinion that the Mandate does not prohibit DHH from adopting a five prescription limit. Of course, in accordance with the Mandate, DHH must absolutely adopt a rule ensuring that Medicaid beneficiaries who actually require more than five prescriptions per month can receive them "upon receipt of authorization of the Department of Health and Hospitals and upon physician's orders that a medical necessity exists".
In our opinion, the Mandate recognizes that DHH was likely to adopt such a limit, no doubt in connection with other Medicaid cost saving measures DHH was bound to take, and as required by other sections of the Act. (See the second paragraph of Schedule 09, which directs the Secretary to implement reductions in the Medicaid program.) We also note that the inclusion of the Mandate in the Act would have been unnecessary unless the legislature knew that DHH intended to adopt a five prescription per month limitation.
In reaching our determination herein, we are guided by the following rules of statutory construction: When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. C.C. Art. 10. An act of the legislature should be given a reasonable construction rather than an absurd construction. Labitv. Terrebonne Parish School Bd., 49 So.2d 431 (La.App. 1st Cir., 1950). Laws must be construed in light of conditions and circumstances at the time of passage. Tennessee Gas TransmissionCo. v. Violet Trapping Co., 176 So.2d 425 (La. 1965).
Please be advised that we have examined R.S. 46:153.3 in accordance with the reference to that statute contained in your letter. However, we must respectfully advise that we do not find that provision to be applicable to the question of a limit on thenumber of prescriptions DHH will reimburse, rather, that statute appears to be applicable to limitations on the type of drug for which DHH will provide reimbursement.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of help in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv