## W. T. WILKE v. CITY OF DULUTH AND OTHERS.[1]

October 7, 1927.

No. 26, 442.

**Statute pledges credit of defendant city to payment of bonds.**

1. Chapter 64, L. 1925, pledges the credit of the defendant city to the payment of the bonds for the issuance of which it provides.

**Statute permits city to handle the rock under contract.**

2. The statute does not require the city to remove and distribute the rock by its own equipment and by labor directly hired. It may do it under contract.

**Statute is not invalid because project involves opening of a street.**

3. The statute is not invalid because the project authorized involves the opening of a street.

Municipal Corporations, 28 Cyc. p. 944 n. 45; p. 967 n. 5; p. 1576 n. 53.

Plaintiff appealed from an order of the district court for St. Louis county, Kenny, J., sustaining a demurrer to his complaint. Affirmed.

*A. G. McKnight,* for appellant.

*John B. Richards,* for respondents.

*Baldwin, Baldwin, Holmes & Mayall* filed a brief as amici curiae in support of the position of appellant.

[1]Reported in 215 N. W. 511.

DIBELL, J.

Action to restrain the city of Duluth and its officers from issuing bonds and from entering into a contract for the removal and distribution of rock for the construction of a breakwater. The plaintiff appeals from an order sustaining the demurrer of the defendants to his complaint.

1. The authority of the city to issue the bonds rests upon L. 1925, p. 63, c. 64.

This statute provides for the issuance of serial bonds not exceeding $500,000. The full faith and credit of the city are pledged for their payment. The proceeds of the bonds are to be used for acquiring a site containing rock and to remove and use it for a municipal purpose. A quarry and dock fund is created. If the rock is used on the city highways, its fair value is to be paid into this fund by the department using it for highways. Like disposition is made of the proceeds of sales to contractors. The statute contemplates the payment of the bonds and interest wholly or in considerable part out of this fund, and provides that there shall not be a levy while there is sufficient in the fund. In short it contemplates that the plan for the removal and use of the rock may be largely self-sustaining. But very clearly it pledges the full credit of the city to the payment of the bonds. And it is not important that the contract will prevent the quarry and dock fund from being so much of a revolving fund as it was thought it might be.

2. The city accepted the bid of the Connolly Contracting Company for removing the rock at a stated price per cubic yard and at a different stated price per cubic yard for excavating rock and placing it in the breakwater proposed to be constructed. The statute provides that the proceeds of the bonds shall be used:

"For acquiring by gift, purchase, or condemnation, a site or sites containing rock and to remove and use the same for any municipal purpose; and especially for the construction of public grounds, public docks, harbor terminals, and a breakwater for their protection; and to procure and pay for the necessary equipment of machinery, tracks and labor required in the making of such public improve-

ments and to clear public highways adjacent to such sites from rock obstruction."

It is the claim of the plaintiff that the statute contemplates that the work shall be done directly by the city and not through contractors. It contemplates quite definitely that it may be done directly by the city by means of its own equipment and by hired labor. It does not require it to be done in such way. A usual method of doing such work is by contract at definite prices. Which method should be adopted is a question of policy for the city and not a judicial one for the court.

3. It is further claimed by the plaintiff that the project so far as rock removal is concerned is merely a plan to open a single street. That condemning the site and removing the rock for the construction of a breakwater will aid in the construction of the street is not to be questioned. Still the breakwater, under the contract with the Connolly company, is a part of the project, and we cannot say that it is not a substantial part. That the result is the opening of a street does not make the statute invalid. Perhaps it might have been opened in a less indirect way. There is nothing in the provisions of the statute nor in the making of the contract that affects the validity of the acts of the council. Whether what is to be done should be done, or be done in the manner proposed, is a question of policy for the governing body of the city and not for the court. The proposed bonds will be valid obligations of the city for the payment of which its full faith and credit are pledged.

Order affirmed.