JIBBEN et al., Appellants v. CITY OF SIOUX FALLS
et al., Respondents

(109 N.W.2d 252)

(File No. 9858. Opinion filed May 17, 1961)

**James R. Feyder,** Sioux Falls, for Plaintiffs and Appellants.

**Robert S. Golden, John E. Burke,** Sioux Falls, for Defendants and Respondents.

ROBERTS, J.   Plaintiffs, citizens and taxpayers residing within the City of Sioux Falls, are engaged in the

construction business making excavations and installations of water, sewer and storm sewer lines. They commenced this action for declaratory relief and for injunction to restrain the City of Sioux Falls and the other defendants named from proceeding to construct water and sewer extensions by the direct employment of labor and purchase of materials instead of letting contracts to the lowest responsible bidders as plaintiffs insist they must to comply with the law. The court below was of the opinion that under existing statutes defendant city had authority in the extension of water and sewer systems to perform the work by using its own city crew employed on a full-time basis and materials purchased upon competitive bids. A declaratory judgment to that effect was entered. Plaintiffs appeal.

The material facts are not in dispute. The findings of the court, in so far as is necessary to be set out herein for an understanding of the issues, are as follows:

"That in order to maintain the basic municipal water, sewer and street systems of said City, the City is required to employ regular maintenance crews composed of regular, monthly-salaried, full-time employees under a civil service ordinance.

"That the maintenance work demands upon the crews set out in the preceding paragraph is not always constant, and that there are occasions when one or more members of said crews are not required to be working on the maintenance of said systems.

"That on such occasions when the regular, monthly-salaried, full-time employees of the various municipal systems of the City are not required to be engaged in the maintenance of said systems, they are used for the purpose of construction projects which are extensions of the said water, sewer and street systems of the City; that all of such projects

are projects not required to be assessed to the abutting property owners.

"That in making such extensions, the City employees use materials which have been purchased by bid; that all of said materials have been purchased by the City pursuant to notice to bidders and the letting of the contract to the lowest responsible bidder; that in some instances, because of the undetermined needs of the City, contracts are let for a year's supply of materials, the exact amount to be determined by the needs of the City, but the price fixed in accordance with the bids submitted by the seller and on such occasions the contract for the undetermined supply is entered into by the City with the lowest responsible bidder.

"That at no time has the City in the extension of the water, sewer or street systems referred to in the previous paragraphs ever hired any individual or individuals by the day for work on any of such projects; that all work on said projects has been done by the said regular, monthly-salaried, full-time employees of said City.

"That during all times pertinent hereto, the City has performed other extensions of the water, sewer or street systems by contract with independent contractors; that in every such instance, plans, specifications and estimates have been prepared and filed, advertisements for bids have been made, and bids have been let to the lowest responsible bidder submitting a bid at such letting."

■ The general power to construct the public works or improvements of the nature referred to by the allegations of the complaint is conferred upon all municipalities in this state. SDC 45.0201(81) (84) (89); Chap. 238, Laws 1951. A municipality having these general powers has by implication authority to use all reasonable methods of

executing the same, including the performing of the work involved in the construction of a local improvement by labor employed directly by the municipality unless otherwise prohibited by statute or ordinance. 63 C.J.S. Municipal Corporations § 1142; Perry v. City of Los Angeles, 157 Cal. 146, 106 P. 410; Trustees of Sanitary Dist. of Chicago v. Poe, 138 Md. 541, 114 A. 714; Wilke v. City of Duluth, 172 Minn. 374, 215 N.W. 511. SDC 45.0201 provides that "Every municipality shall have power: * * * (88) To provide for and regulate the construction of local improvements by day's pay in the cases provided by this title". In so far as the record discloses defendant city has not by ordinance or otherwise exercised this power. The exercise of such power is permissive and the statute does not deny or limit other methods of construction. The only question then presented is whether the statutes of the state expressly or by implication prohibit defendant city from constructing local improvements by means of purchasing necessary materials and doing the work by labor directly employed by it.

Plaintiffs take the position that SDC 1960 Supp. 45.-1501 should be interpreted as prohibiting work in the extension of water and sewage systems by labor regularly employed by the city; that these provisions require that a local improvement costing in excess of $500 be done by contract let to the lowest responsible bidder. That statute in part reads as follows:

"All **contracts** for the construction or repair of public buildings or for public works or improvements, and **all contracts** for material used therefor and equipment purchased or rented in connection therewith, and **all contracts** for local improvements for which special assessments are to be levied, except as herein provided and as provided in SDC 1960 Supp. 65.07, must be let to the lowest responsible bidder in accordance with the provisions of said chapter 65.07. The words 'local improvements' as used in this chapter shall mean

and include all such public buildings, public works and improvements or the repair thereof. * * *

"**The governing body may direct any local improvement** except local improvements for which special assessments are to be levied **to be done by days work if the reasonable cost thereof is not in excess of five hundred dollars.** An estimate of the cost thereof shall be prepared by the city engineer, if there be a city engineer, or by the governing body if there be no city engineer, and filed for public inspection in the city engineer's office or in the office of the governing body, at least five days before any such local improvement by days work shall be directed.

"Whenever any such improvement is done by days work, upon the completion thereof the auditor shall prepare and file forthwith for public inspection in his office an itemized statement of the cost paid out or incurred in the construction of such improvment, verified by him. * * *"

The provisions of Chapter 65.07 referred to in the above quoted section provide that all contracts of a municipality or other public corporation for the construction of public improvements exceeding $1,000 in amount must be let to the lowest responsible bidder and prescribe the manner of letting such contracts. A contract by which another agrees to furnish necessary labor to complete a project for a sum exceeding that specified by statute must, of course, be let and entered into in the manner provided. The requirements for competitive bidding also apply to contracts for the purchase of materials, supplies or equipment including anticipated needs. Fonder v. City of South Sioux Falls, 76 S.D. 31, 71 N.W.2d 618, 53 A.L.R.2d 493. There is, however, no language in Chapter 65.07 indicating a legislative intent to inhibit a municipality from constructing public improvements by labor directly employed by it.

State ex rel. Collins v. Halladay, 62 S.D. 256, 252 N.W. 733, was an action against the members of the South Dakota Board of Charities and Corrections to enjoin the construction of a building by the employment of day labor and also using workmen regularly employed at a state institution and inmate labor. This court construed an act (Chap. 277, Laws 1923) which required that "all contracts for the erection and repair of buildings" exceeding $500 in cost be let by such board upon competitive bidding. This court held that the statute prescribed a procedure to be followed when and if a contract was to be awarded and did not prohibit the board from using its own forces in performing the necessary labor in the construction of a building. Among the decisions in accord with such construction therein cited are Home Building & Conveyance Co. v. City of Roanoke, 91 Va. 52, 20 S.E. 895, 27 L.R.A. 551; Perry v. City of Los Angeles, 157 Cal. 146, 106 P. 410, and Cooper v. City of Detroit, 222 Mich. 360, 192 N.W. 616. Later decisions to the same effect are Contracting Plumbers' Ass'n of St. Louis v. Board of Education, 238 Mo.App. 1096, 194 S.W.2d 731; Montana Chapter, National Electric Contractor Ass'n v. State Board of Education, Mont., 352 P.2d 258; Conley v. City of Shreveport, 216 La. 78, 43 So.2d 223.

Plaintiffs have referred to cases construing statutes requiring all public work to be done by contract and to the lowest bidder. City of Chicago v. Hanreddy, 211 Ill. 24, 71 N.E. 834; Foxen v. City of Santa Barbara, 166 Cal. 77, 134 P. 1142. Such a statute makes it imperative that a municipality do the work by contract let to the lowest responsible bidder and thus prohibits the doing of work by labor directly employed by the municipality. The cases cited and the interpretation urged by plaintiffs are not here applicable.

The distinction is clearly pointed out in Perry v. City of Los Angeles, supra.

"Provisions of the character of those contained in the Los Angeles charter are manifestly different

from provisions requiring work to be done by contract, or to be let to the lowest bidder. According the ordinary acceptation of the term 'doing work by contract,' it means the letting of the work, or some portion thereof, to someone who agrees to deliver the same completed for a specified price, and does not include the case of one who himself constructs an improvement by means of materials purchased directly by him and artisans and laborers directly employed and paid wages by him. * * * Of course, where a statute or charter declares that any work must be let to the lowest bidder, there is no possible basis for any other construction than one making bids and contracts imperative. The omission from the Los Angeles charter of any such provision as either of those discussed is most significant. If it had been intended to require that whenever a proposed improvement would cost more than $500, the work must be done 'by contract' let to the lowest responsible bidder, it would have been the simplest matter in the world to say so in plain terms, as has been said over and over again in other acts and charters." [157 Cal. 146, 106 P. 412].

■ Section 45.1501, supra, grants authority to the governing body of a municipality to have a local improvement constructed by "days work", provided the combined cost of labor and materials does not exceed $500 and for which a special assessment will not be levied. There is the further requirement applicable to this method of construction that an estimate of cost be prepared and filed at least five days before such construction may be directed. These words "days work" first appeared in Chap. 297, Laws 1921, amending Section 6347, R.C.1919, which is the source of Section 45.1501, supra. The purpose of the 1921 amendment was to authorize under prescribed conditions the construction of a local improvement by "days work" in lieu of a contract. It provided that if the lowest bid for any local improvement exceeded by 10% the estimated

cost, a municipality could direct the improvement to be done by "days work". The statute intended the employment of workmen for a single and specific local improvement. We do not find in the provisions of Section 45.1501, supra, and its legislative history, an intention, expressed or implied, to prohibit a municipality from constructing a local improvement for which no special assessments are to be levied by labor regularly employed when the materials necessary to be used on the project are purchased upon competitive bidding.

The judgment appealed from is affirmed.

All the Judges concur.