SAVOY, Judge.
This matter is before this Court on an appeal by Wesley Paul Fisher from a judgment sustaining the State of Louisiana’s exception of no cause of action.
Following a hearing, the trial court ordered judgment in favor of defendant in this matter sustaining the exception of no cause of action filed herein. From this adverse judgment, plaintiff has perfected the instant appeal.
Although this matter is not before us on an appeal on the merits of the case, a brief statement of the facts which gave rise to this litigation is in order.
Fisher, a resident of Calcasieu Parish, Louisiana, was for some period of time engaged in a furniture manufacturing business under the trade name of Fisher Furniture Industries in Calcasieu Parish.
Appellant alleges that during February of 1965, he was contacted by a Mr. Sybily, who was manpower coordinator of the Department of Labor of the State of Louisiana, and that he was told by Mr. Sybily that the department had a program which it would like to discuss with him with a hope toward getting the appellant involved in this program.
Allegedly there followed various conversations and meetings during the course of which appellant was informed by various persons, allegedly representing the Department of Labor and the Department of Institutions of the State of Louisiana. Allegedly the program involved the training of parolees provided by the Department of Institutions. The training was to take place in petitioner’s business, and all salaries, wages, benefits, etc. were to be paid by the State of Louisiana.
Sometime later, the proposed program was begun and inmates or parolees from Louisiana State Penitentiary at Angola began working in appellant’s place of business, and allegedly he began to train them. No written contract was ever entered into between appellant and the State of Louisiana or any representative of the State of Louisiana.
This suit was filed by Fisher because he alleges defendant failed to pay necessary expenses incurred by him under the training program mentioned above.
Defendant’s first exception of no cause or right of action was based on appellant’s failure to produce a written contract. This exception was overruled by the trial court.
Appellee then filed a second exception of no cause or right of action alleging that the petition, on its face, did not state that the requisite advertising and bidding as required by LSA-R.S. 39:174 and LSA-R.S. 38:2211 was ever performed.
The only issue before this Court is the trial court’s ruling maintaining the exception of no cause or right of action and dismissing plaintiff’s suit.
LSA-R.S. 39:174 states in part that:
“Contracts shall be let for the furnishing of supplies, materials, insurance, contractual services and equipment by advertising therefor in the manner provided by law. Contracts may not be let for periods greater than two years and shall be let to begin with the ensuing fiscal year of the state. * * * *
“However, those types and classes of insurance and bonds under the mandatory jurisdiction of the Louisiana Insurance Rating Commission for rates and/or premium charge and policy form are specifically exempted from the provisions of this Section.”
LSA-R.S. 39:191 provides in part that:
“A. Any purchase and any contract for the purchase of any supplies, materials, insurance, contractual services, or equip *819 ment, made or entered into by any budget unit contrary to the provisions of this Part and the rules and orders of the governor promulgated pursuant thereto, shall be void and of no effect.
“B. The head of the budget unit and the employee who actually made the purchase or entered into the contract shall be personally liable for the costs of any supplies, materials or equipment delivered or services rendered pursuant to the purchase or contract.”
It is undisputed in this matter that the alleged contract between appellant and ap-pellee was pursued without advertising in the manner provided by law. Thus, it is appellee’s position that LSA-R.S. 39:174, when read together with LSA-R.S. 39:191, dictates that the contract is considered to be void ab initio, and that appellant’s sole remedy as provided by law is to seek recovery against the individual persons involved in these alleged ultra vires acts.
Appellant urges that this matter is governed by the rules established under LSA-R.S. 38:2211 and certain jurisprudential rules established thereunder.
LSA-R.S. 38:2211 provides that all public work to be done which exceeds a given sum of money, by any political subdivision or public corporation of the state shall be advertised and let by contract to the lowest responsible bidder. Appellant argues that this statute does not provide that contracts let in contravention thereof are void ab initio, and further, that there are certain exceptions to the rules of the statute, establishing at least one exempted category into which appellant falls.
Appellant cites State of Louisiana v. McIlhenny, 201 La. 78, 9 So.2d 467 (1942), wherein the State of Louisiana brought suit against E. A. Mcllhenny and Richard W. Leche, in solido asking to have a contract entered into between Mcllhenny and the State Board of Education declared null and void, ab initio. The contract involved was one for the furnishing of shrubbery and landscaping services at Southwestern Louisiana Institute and Southeastern Louisiana College. Mcllhenny was given unlimited latitude in plans adopted, plant sizes, and use and prices. It was thus primarily a landscaping contract. The State alleged that the contract with Mcllhenny was null and void ab initio, and was in contravention of an expressed prohibitory law.
The court in McIlhenny, supra, stated that it was apparent that Mcllhenny was employed as a landscape architect for performing landscaping, and the court considered him to be an expert whose services were employed by the State because of his expertise. The court held that the contract was not void since it was one for the employment of professional services, and such contracts or professional services are generally and almost universally regarded as not being subject to usual advertisement and bid requirements, because of the expertise and professional skills involved.
Appellant urges that he falls within this category and rule established in Mcllhenny, supra. We find no merit in this contention.
Both LSA-R.S. 39:174 and LSA-R.S. 38:2211 prior to 1952 contained only discretionary language stating that the budget units of the State may let contracts pursuant to advertising and bid procedures. Both of these statutes were amended, however, by Acts 1952, No. 370, Section 1, to make advertising and bid-letting mandatory requirements for State contracts.
The legislative history of these acts, and particularly LSA-R.S. 38:2211, were discussed in Associated General Contractors of America v. Police Jury of Pointe Coupee Parish, 225 So.2d 300 (La.App. 1 Cir. 1969), wherein it was stated:
“It appears the several amendments to Act 73 of 1926, did not produce a statute *820 requiring advertisement of public works for bid, but rather only a method to be employed in the event a state agency elected to call for bids. Due to the wording of the title and body of the statute as it formerly read, it was so held in Conley v. City of Shreveport, 216 La. 78, 43 So.2d 223, and followed in Labit v. Terrebonne Parish School Board, La.App., 49 So.2d 431. In 1952, however, to overcome the effect of the Conley and Labit decisions, supra, the legislature adopted Act 370, the title and body of which expressly required that all public work to be done and materials or supplies to be purchased by any public corporation with public funds shall be advertised and let by contract to the lowest responsible bidder. * * *
‡ sfc iji % >ji ‡
“The portions of LSA-R.S. 38:2211 quoted hereinabove leave no doubt that its provisions mandatorily required advertisement for bids on all public works exceeding $2,500 and all purchases of materials and supplies in excess of $1,000. The first paragraph of the statute so states in crystal clear, unmistakable language. In equally unambiguous terms, the same paragraph makes the mandate of the statute applicable to all agencies, departments and subdivisions of the state.”
Thus, it would appear that the legislature consciously provided against such a result as occurred in the McIlhenny case, supra. The statutes clearly make advertisement mandatory, and where such advertisement procedures are not followed, such contracts are declared to be void ab initio and of no effect under the terms of LSA-R.S. 39:191.
Appellant further argues that even if the contract is void, the exception should not have been maintained because a cause of action has been stated for recovery on a quantum meruit basis. LSA-R.S. 39:191 states, however, that where contracts are entered into contrary to the provisions requiring advertisement, the head of the budget unit involved and the employee who actually makes the purchase or enters into the contract are personally liable for the costs of the contract.
Appellant cites numerous cases in support of his theory of unjust enrichment or quantum meruit.
It is not alleged, however, by appellant, nor has appellant pleaded that the State and/or the departments of the State made defendants herein were unjustly enriched, or that any advantage or asset has been realized unjustly by appellee. Thus, for these reasons we are of the opinion that appellant’s petition fails to state a cause of action upon which relief may be granted. We think the alleged contract in this matter is governed by the statutes previously discussed, and that under their clear unambiguous language, the alleged contract is void ab initio. Further, appellant has failed to properly plead a cause of action for recovery in this matter on a quantum meruit theory, and we do not find allegations which would support such a recovery even if it were authorized by law in this case.
For the foregoing reasons, the judgment of the trial court sustaining the exception of no cause or right of action and dismissing plaintiff’s suit is affirmed. All costs of this appeal are asssessed to plaintiff-appellant.
Affirmed.