DOUCET, Judge.
This suit was brought to have the award of a lease following a competitive bidding procedure declared null and void and to enjoin the execution of the lease. Plaintiffs are Pelican Aviation Corporation and eight residents and taxpayers of Iberia Parish. Defendant is the Airport Authority for the Parish of Iberia. Acadiana Aircraft, Inc. and its incorporators, Arthur H. Flemming and Steven W. Jones, intervened, seeking to protect their interests as the concern to whom the bid award had been made. After a trial on the merits, the trial court rendered a judgment, declaring the bid award null and void and issued a permanent injunction, prohibiting the defendant and in-tervenors from executing a lease agreement on the basis of it. This appeal was brought by defendant following the denial of its motion for a new trial. The intervenors have not appealed.
The following issues have been raised on appeal:
(1) Was the trial court correct in determining that the bid award is null and void?
(2) Are plaintiffs estopped from contesting the validity of the bid award?
(3) Is injunctive relief proper in this case?
1.
One of several reasons advanced by the trial court for its finding that the bid award is null and void was its conclusion that the bid specifications were too indefinite. After reviewing the entire record, we are in agreement with that determination.
Defendant advertised for bids for the right and privilege to lease certain land and improvements at Acadiana Regional Airport and to become a “Land Plane Fixed Base Operator” at the airport. The bid proposal provided that the successful bidder would be permitted and required to sell and dispense aviation fuels and oils, conduct flight activities, and provide certain services in accordance with the terms of the bid proposal and a written compilation of standards titled, “Minimum Standards for the Conduct of Commercial Aeronautical Services and Activities at Acadiana Regional Airport.”
According to that compilation of standards, a copy of which was made available to the bidders for inspection, the services required of a fixed base operator include the furnishing of aircraft line services (fueling, lubricating, miscellaneous service, ramp parking and tie-down, hangar storage, loading and unloading, towing, etc.) and aircraft maintenance and repair services. In addition, a fixed base operator is required to conduct certain flight activities, including flight instruction and training, aircraft chartering, and selling and renting new and used aircraft.
The bid proposal also provided that the successful bidder would be required to build at its cost and expense at least one 10-unit T-hangar facility. Those submitting bids were also encouraged to include in them additional items of capital improvement, such as other hangar facilities, which they intended to make if awarded the lease.
In return for allowing the successful bidder to use the airport land and facilities to conduct a fixed base operation, defendant was to receive payment in money in addition to the benefit of having the required services and flight activities made available to airport users, and having the capital improvements made to the airport. The monetary payment was to be in the form of ground rent, existing hangar rent, office rent, building structural maintenance rent, aircraft ramp and tie-down, area parking fees and royalties, and royalties on fuel and oil sold by the lessee.
Three bids were submitted in response to defendant’s advertisement, including one from plaintiff, Pelican Aviation Corporation. Defendant employed a firm of certified public accountants to evaluate the bids in order to determine which promised the highest monetary return. In order to perform that task, the accounting firm found it necessary to make numerous projections and assumptions that were not included in the bid proposal. This was due to the fact that the income which defendant was to *1268 derive from the lease depended on many variables, such as the amount of fuel and lubricants that would be sold by the lessee and the value of the capital improvements that would be made.
After a comparative evaluation of the bids was made, a report was sent by the accounting firm to defendant, accompanied by a letter containing the following comment:
“We feel that the proposals as requested and submitted result in highly subjective answers as to values due to the assumptions and projections required in any determination of the value of such, bids. Selection of assumptions and projections other than those used in preparation of this report could result in answers significantly different from those derived herein. Serious consideration should be given to the rejection of all bids and readvertis-ing for bids with a clear indication of the projections and assumptions (total annual activity, total based aircraft, fuel and oil flowage, etc.) on which the bids will be evaluated.”
The opinion expressed there was shared by Mr. Michael J. DeBlanc, another certified public accountant, who testified at the trial. Mr. DeBlanc demonstrated how a different result could be reached by using an alternative set of projections and assumptions.
Defendant elected not to act upon the suggestion of rejecting all of the bids and readvertising. However, it did change some of the projections and assumptions made by the accounting firm, following a discussion at an informal meeting of the Airport Authority on December 21, 1978. The result was that a recomputation showed the intervenors’ bid to be the highest, rather than the second highest as shown in the accounting firm’s report. The bid award was made on the basis of that recomputation.
Under these circumstances, we agree with the trial court that the bid specifications were far too vague and indefinite to support a valid award of a public contract. It is well settled that the requirement of public bidding is not fulfilled unless there are sufficiently definite and explicit plans adopted before hand. Sylvester v. Town of Ville Platte, 218 La. 419, 49 So.2d 746 (1950). The bids which were submitted in this case were insufficient to serve their purpose of insuring fair competition among those bidding and protecting the public from the possibility of bias and favoritism in making the award.
We find it unnecessary to discuss the numerous issues raised by some of the other reasons assigned by the trial court for its finding that the bid award is null and void. We believe that the above adequately supports our conclusion that the decision of the trial court was correct.
2.
Defendant argues that plaintiffs are equitably estopped from contesting the validity of the bid award, due to Pelican Aviation Corporation’s participation in the bidding procedure. Defendant’s plea of estop-pel is not well taken. We have determined that the bid award was made in violation of the requirement of public bidding, which is imposed for the protection of the taxpayers. The doctrine of equitable estoppel has no application in such a case. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 (1943).
Furthermore, there are eight other plaintiffs in this case against whom estop-pel cannot be properly invoked. Defendant argues that they are privy to Pelican Aviation Corporation’s actions because of an alleged close connection to it, however, we find no support in the record for that allegation.
3.
Defendant’s contention that injunc-tive relief is improper in this case is also without merit. The arguments that it makes ignore the fact that this is not simply a case of a corporation attempting to avoid a loss in a private commercial venture. Eight of the plaintiffs are residents *1269 and taxpayers of Iberia Parish, who seek the prevention of what under our holding on the first issue would be an unlawful act. It is well settled that injunctive relief is available to restrain the enforcement of contracts made in derogation of public bid laws. Bartley, Incorporated v. Town of Westlake, 237 La. 413, 111 So.2d 328 (1959); Hall v. Rosteet, 247 La. 45, 169 So.2d 903 (1964).
For the above and foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.