KLIEBERT, Judge.
This is a suspensive appeal brought by Delta Electronics Company of Louisiana, Inc. (hereafter “lessee”) from a judgment rendered in favor of Tiara Corporation (hereafter “lessor”) for $1,813.73. The $1,813.73 represented the ad valorem taxes paid by the lessor and for which he sought reimbursement from lessee under the lease provisions. The lessee appeals, contending the trial judge erred in his interpretation of the written lease agreement. We agree with the trial judge’s interpretation and accordingly affirm.
On June 20, 1979, the lessor and lessee entered into a written lease agreement. Paragraph XII of the lease agreement provides as follows:
“UTILITIES AND TAXES
LESSOR shall be liable for payment of all real estate and related taxes due to the State of Louisiana or any political subdivision thereof on the herein leased premises. LESSEE shall be liable for payment of all utility charges for electricity, gas, and/or water and taxes on inventory or other related corporate taxes.”
Paragraph XV, headed “Miscellaneous”, provided in pertinent part as follows:
“LESSEE agrees to reimburse LESSOR for any increase (over 1979 levels) in both owner’s fire, casualty and liability insur- *460 anee and in property taxes of any kind (which are imposed on the leased property)-”
The record shows the property taxes assessed for the year 1979 were paid by the lessor and totalled $169.49. Property taxes assessed for 1980 and paid by the lessor amounted to $1,983.11. The increase was attributed to an increase in assessment due to the erection of a building on the property by the lessee. The lessor made demand upon the lessee for reimbursement of the increase in taxes for 1980. The lessee refused the demand. This suit followed. At the trial level, the parties agreed to submit the matter on briefs. The lessee failed to submit a brief. Both parties have filed a brief here.
The thrust of lessee’s argument on appeal is that the difference in the 1979 and 1980 taxes was attributable to the newly erected building and, as such a new tax to be borne by the lessor under the provisions of paragraph XII of the lease agreement rather than an increase in ad valorem taxes, the burden of which was to be borne by the lessee under the provisions of Paragraph XV of the lease. Additionally, the lessee contends a substantial increase in ad valo-rem taxes was not intended to be covered by the lease agreement.
Louisiana Civil Code Article 1945 provides:
Art. 1945. Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:
First — That no general or special legislative act can be so construed as to avoid or modify a legal contract previously made;
Second —That courts are bound to give legal effect to all such contracts according to the true intent of all the parties;
Third — That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences;
Fourth — That it is the common intent of the parties — that is, the intention of all — that is to be sought for; if there was a difference in this intent, there was no common consent and, consequently, no contract.
In Bohm v. CIT Financial Services, Inc., 348 So.2d 132 (La.App., 1st Cir.1977) the court stated at page 134:
“If the agreement between the parties is clear and unambiguous, and will not lead to absurd consequences, the intention of the parties must be gathered from the writing itself. It is only where the agreement is unclear, ambiguous or will lead to absurd consequences that the court should go beyond the written agreement to gather the true intention...” (Cases cited therein.)
We find no error in the interpretation of the lease agreement by the trial judge. The increase in taxes was clearly provided for in the lease agreement. The above quoted paragraphs of the lease agreement make the lessor responsible for the ad valo-rem taxes as assessed in 1979, while shifting the burden of any increases in ad valorem taxes thereafter to the lessee. We find the lease agreement to be clear and unambiguous. Accordingly, the trial court’s judgment is affirmed. Appellant to pay all costs.
AFFIRMED.