426 So.2d 649 (1982)
Alan S. FISHBEIN, et al.
v.
Walter R. BANKSTON, et al.
No. 82 CA 0201.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Rehearing Denied February 17, 1983.
*650 Pamela C. Walker and John Dale Powers, Baton Rouge, for plaintiffs-appellants Alan S. Fishbein, et al.
Leon Gary, Jr., Baton Rouge, for defendants-appellees Walter S. Bankston, et al.
Before PONDER, SAVOIE and ELLIS, JJ.
SAVOIE, Judge.
Plaintiffs-appellants, Mr. and Dr. Fishbein, appeal the trial court's dismissal of their suit for breach of contract.
Appellants purchased a lot in Woodstone Estates Subdivision, East Baton Rouge Parish, Louisiana, from defendants-appellees, developers of the subdivision, subject to the "Declaration of Restrictions, Reservations, Covenants, and Conditions Affecting Woodstone Estates, 3rd filing" (Restrictions). In the act of sale, appellants added the following language:
"Sales price includes one share of wonership (sic) in recreational facilities, swimming pool, clubhouse, etc. to be built by Seller at no additional charge to buyer."
Appellants claims this language obligated the appellees to build a swimming pool on the common ground of the subdivision. As a result of their failure to do so, appellants contend that appellees are obligated for all costs, maintenance, and interest incurred by appellants in building their own private pool. Additionally, appellants claim that appellees are obligated to pay transportation and other costs incidental to the competitive swimming facility used by appellants' children.
Appellees contend appellants received that which they sought to purchase (i.e., the lot in question and a share in the common ground recreational facilities owned by the Woodstone Homeowners Association (Association).
Testimony reflects that appellants did receive the lot in question and one share in the recreational facilities. The recreational facilities, however, did not include a pool. Although appellees offered to build a pool, the Association refused it, opting instead for additional tennis courts.
*651 It is uncontested that these Restrictions which gave ownership of the common ground to the Association, were of public record prior to the instant sale. Appellants knew of these Restrictions and of their automatic membership in the Association by reason of their purchase of property in the subdivision prior to their purchase. It was not until the Association voted to have additional tennis courts instead of a swimming pool that appellants opted to pursue this litigation outside the framework of the Restrictions and the Association.
A contract between two parties is the law between them. L.S.A.-C.C. 1901; and Oncale v. Aetna Casualty and Surety Company, 417 So.2d 471 (La.App. 1st Cir. 1982). Conflicting contractual language will be construed against the drafter. L.S. A.-C.C. 1957, 1958; Rayford v. Louisiana Savings Association, 380 So.2d 1232 (La. App. 3rd Cir.1981), writ denied, 384 So.2d 793 (La.1980). In this instance, appellant, Allen Fishbein, an attorney, drafted the language in question and asserts that it was his intention to mandate the building of a swimming pool by the developers. Appellees contend that the intent of the language was recreational facilities such as a swimming pool, clubhouse, etc. to be built on the common ground.
Examination of the record reveals that the building restrictions which gave each homeowner one share in the Association and set aside the common ground did not provide that the developers would build recreational facilities thereon at no additional charge to the homeowners. Obviously, appellants, by this provision, sought to assure development, at no additional charge, of these recreational facilities by the defendants.
Contracts in Louisiana must be construed in such a way as to lead to a logical conclusion and give effect to the obvious intention of the parties. Lambert v. Maryland Casualty Company, 418 So.2d 553 (La.1982), rehearing denied, September 3, 1982. These contractual provisions must be interpreted in a commonsense fashion, giving to the words of the contract their common and usual significance. L.S.A.-C.C. Art. 1946. A cardinal rule in contractual construction is that contracts must be viewed as a whole and, if possible, practical effect given to all its parts, according to each the sense that results from the entire agreement so as to avoid neutralizing or withdrawing any of them or treating them as surpluses. L.S.A.-C.C. Art. 1955; and Lambert, supra.
Appellants would have us isolate the words "swimming pool" and use them to nullify the Restrictions, giving appellants veto power over the Association. This is illogical.
The sale as a whole cannot be interpreted without the Restrictions which were a part thereof.[1] Appellants' actions in operating within the framework of the Association for two years clearly reflects that what they sought, by this language, was one share in the common ground recreational facilities to be built by the developers at no additional cost to them.
Appellants also contend that they possess a right of action based on misrepresentation of appellees' agent. The trial court found as a matter of fact without discussion that there was insufficient evidence to substantiate such claim. We may not substitute our evaluations and inferences for the reasonable evaluations and inferences of the trier of fact, unless those conclusions are clearly erroneous. Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir. 1980); Esta v. Dover Corp., 385 So.2d 439 (La.App. 1st Cir.1980), writ refused, 392 So.2d 690 (La.1980).
For the foregoing reasons, the decision of the trial court is affirmed. Appellants are to pay all costs.
AFFIRMED.
NOTES
[1] Appellants' cash sale contains a provision which subjects all lot owners to certain restrictions known as the "Declaration of Restrictions, Reservations, Covenants, and Conditions Affecting Woodstone Estates, 3rd filing."