439 So.2d 567 (1983)
CON-PLEX, DIVISION OF U.S. INDUSTRIES, INC.
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION & DEVELOPMENT.
No. 83 CA 0026.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*568 Michael D. Hunt, Breazeale, Sachse & Wilson, Baton Rouge, for plaintiff-appellee Con-Plex, Div. of U.S. Industries, Inc.
Sharon F. Lyles, La. Dept. of Transp. and Development, Baton Rouge, for defendant-appellant La. Dept. of Transp. and Development.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Defendant, Louisiana Department of Transportation & Development (DOTD), appeals the trial court's ruling that it violated the public bid law by failing to sufficiently set forth written specifications and plans of the work to be accomplished.
In March, 1973, the DOTD advertised for bids to construct a new bridge across the Intracoastal Waterway in Calcasieu Parish and to remove the existing pontoon bridge. Plaintiff, Con-Plex, Division of U.S. Industries, Inc. (Con-Plex), obtained a set of plans and specifications and conducted a contractually required on-site inspection. Relying upon the aforementioned plans, specifications, and site inspection, Con-Plex prepared and submitted its bid. Con-Plex, being the lowest qualified bidder, was awarded the job and a formal contract was executed on June 8, 1973.
The new bridge was built in accordance with the plans and specifications and is not at issue in this litigation. Rather, this litigation involves the removal of the existing pontoon bridge.
Upon commencing removal of the existing pontoon bridge, it became apparent that the plans and specifications relating to it did not accurately reflect the number or size of pilings to be removed.[1] Due to the extra removal work required, Con-Plex requested additional compensation from the DOTD. The DOTD refused to pay the additional compensation.
Con-Plex brought this action for compensation for the removal of the pilings not identified in the DOTD's plans and specifications. By joint stipulation, the trial was bifurcated with only the issue of liability for compensation being determined in the instant case.
The trial court found that the looseness of the contract's language could well lead to favoritism and, as such, to an abuse of the public bidding process. It held that the DOTD could not "pass on" to the bidder a job that the DOTD itself should have done in order to comply with the purpose of the public bid law.
The DOTD asserts that the trial court erred in finding that it had violated the public bid law when it prepared a contract which "passed on" or imposed a duty to inquire upon the bidders.
While we affirm the judgment of the trial court, we do so on contractual grounds.
The DOTD contends that the contract's language put all bidders on sufficient notice that the plans and specifications as received by them did not indicate all the pilings then *569 in existence. Further, they contend that the site inspection required by the contract cured any failure or deficiency in the plans and specifications.
The pertinent contractual language to the case at bar is contained in the State of Louisiana, Department of Highways Book entitled "Standard Specifications for Roads and Bridges", dated October, 1971, and the Plan Sheet No. 207. Standard specifications provide that:
"102.05 EXAMINATION OF PLANS, SPECIFICATIONS. SPECIAL PROVISIONS, AND SITE OR WORK. The Department will prepare full, complete and accurate plans and specifications giving such directions as will enable any competent contractor to carry them out. The bidder is expected to examine carefully the site of the proposed work, the proposal, plans, specifications, supplemental specifications, special provisions and contract forms before submitting a proposal. The submission of a bid shall be considered prima facie evidence that the bidder has made such examination and is satisfied as to the conditions to be encountered in performing the work and as to the requirements of the plans, specifications, supplemental specifications, special provisions and contract. (Emphasis added).
* * * * * *
"105.04 COORDINATION OF PLANS, SPECIFICATIONS, SUPPLEMENTAL SPECIFICATIONS AND SPECIAL PROVISIONS.
These specifications, the supplemental specifications, the plans, special provisions and all supplementary documents are essential parts of the contract and a requirement occurring in one is as binding as though occurring in all. They are intended to be complementary and to describe and provide for a complete work.... (Emphasis added).
Plan Sheet No. 207 provides the following pertinent contractual language, to-wit:
"(1) For information Purposes Only (Emphasis added).[2]
"(2) Additional details of existing pontoon bridge may be obtained upon request from the Bridge Design Section, Louisiana Department of Highways. (Emphasis added).
"C. Special Provisions:
* * * * * *
"The contractor shall familiarize himself with the conditions at the site with regard to all pilings to be removed; the existing concrete cap (partially submerged) to be removed; and the existing submarine cables to be removed. He may contact the Department's District Office in Lake Charles for any specific information he may desire in this regard." (Emphasis added).
Section 102.05 of the Standard Specifications provides that the DOTD "will prepare full, complete and accurate plans and specifications giving directions as will enable any competent contractor to carry them out." The courts of this state have interpreted the intent of this provision to require municipal corporations engaged in competitive bidding for public improvement contracts to adopt such plans and specifications fixing the extent and character of the work to be done so that all bidders are given an opportunity to bid on the same thing. Sylvester v. Town of Ville Platte, 218 La. 419, 49 So.2d 746 (1950). Further, it is well settled that the requirement of public bidding is not fulfilled unless the plans and specifications are sufficiently definite and explicit beforehand. Pelican Aviation Corporation v. Airport Authority for the Parish of Iberia, 372 So.2d 1266 (La.App. 3rd Cir.1979); Sylvester, supra; see also 64 Am.Jur.2d Public Works and Contracts § 51 (1972).
Both parties agree that the plans and specifications did not show the correct number and location of the pilings to be removed. Accordingly, we find that the *570 DOTD's contract, plans, and specifications neither set forth adequate information nor adequately "warn" prospective bidders of the true number and location of the pilings to be removed. For this reason, we find the DOTD has failed to provide sufficiently definite and explicit plans and specifications as required by the public bidding law. As such, the DOTD is liable for the additional cost incurred in the removal of the additional pilings.
Further, it is well settled in Louisiana that legal agreements have the effect of law between the parties and that courts are bound to give legal effect to all such contracts according to the true intent of the parties. L.S.A.-C.C. art. 1945; and Pendleton v. Shell Oil Company, 408 So.2d 1341 (La.1982). The intent of the parties is to be determined by the words of the contract, and when they are clear and explicit, the terms of the contract must prevail. Smith v. Moncrief, 421 So.2d 1127 (La.App. 3rd Cir.1982), writ denied, 426 So.2d 177 (La. 1983); and Baker v. Life General Security Insurance Company, 405 So.2d 1162 (La. App. 1st Cir.1981). It is only where the terms of the agreement are unclear, ambiguous or will lead to absurd consequences that the court may go beyond the original agreement to determine the true intent of the parties. Tiara Corporation v. Delta Electronics Company of Louisiana, Inc., 424 So.2d 459 (La.App. 5th Cir.1982); and Bohm v. CIT Financial Services, Inc., 348 So.2d 132 (La.App. 1st Cir.), writ denied, 350 So.2d 673 (La.1977).
Assuming, arguendo, that the contract's language indicates some intent to put the bidders on notice that the plans and specifications did not indicate all the pilings then in existence, we find the language to be ambiguous. Interpreting the contract against the drafter, as we must in such instance, L.S.A.-C.C. arts. 1957, 1958; and Fishbein v. Bankston, 426 So.2d 649 (La. App. 1st Cir.1982), writ denied, 430 So.2d 665 (La.1983), we find that the DOTD is liable for the additional cost incurred by Con-Plex.
For the above and foregoing reasons, the judgment of the trial court is affirmed and this case is remanded back to it for a determination of quantum. Defendant, Louisiana Department of Transportation & Development, is liable for costs in the amount of $895.60.
AFFIRMED.
NOTES
[1] The record reflects that over the years, the pontoon bridge had been damaged on several occasions and all or nearly all of the original pilings had been replaced without removing the damaged pilings. Many of these damages pilings were below the surface of the water.
[2] This statement was attached to the only drawing given to the bidders for this project. This drawing was of the bridge as originally constructed and did not reflect any pilings added subsequent to the bridge's original construction.