WHIPPLE, Judge.
Defendant, the State of Louisiana, through the Department of Transportation and Development (DOTD), appeals a judgment rendered in favor of plaintiff, Frank G. Sullivan, Jr. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The DOTD prepared plans and specifications and published invitations for bid on State Project Number 266-01-09, which involved construction of Louisiana Highway 22 from Interstate-10 to Sorrento, Louisiana. Sullivan Construction Company prepared and submitted its bid on this project, and bids were received and read (an event known as “bid letting”) on July 27, 1988. Sullivan Construction, being the successful low bidder, was awarded the job, and a formal contract was executed on August 25, 1988 for a total contract price of $3,837,025.16.
The plans and specifications contained provisions for temporary signs and barricades as part of this construction project. At some point prior to signing of the formal contract, the DOTD became aware that while the contract contained plans for temporary signs and barricades, no pay item for the signs and barricades was included in the summary of bid items.[1] The DOTD stipulated that the unit pay item for signs and barricades was unintentionally omitted from the plans.
However, Dempsey White, chief engineer for the DOTD, testified that the standard specifications contained a provision regarding payment for temporary signs and barricades, both where a direct pay item was included in the contract and where it was not. The standard specifications provided that if no pay item was included in the contract, the cost of temporary signs and barricades would not be measured for payment, but rather, should be included in the various bid items of the contract. This omission led to confusion on the part of several contractors bidding on the job, who called the DOTD to question the omission. Nonetheless, White saw no reason to take any action to notify the bidders of this omission.
On August 29,1988, a preconstruction conference was held, and at the conference, Gary Sullivan, a representative of Sullivan Construction, became aware that the contract had omitted a pay item for temporary signs and barricades. Upon learning of this omission, Gary Sullivan requested additional pay for the signs and barricades, since Sullivan Construction’s bid had not included the cost of such signs and barricades.
The DOTD’s project engineer, Gordon Nelson, told Gary Sullivan to submit a breakdown of the cost of the signs and barricades, which Gary Sullivan submitted to him on October 6, 1988. Meanwhile, Sullivan Construction was authorized to commence work on September 14, 1988, and its crew began putting up the signs and barricades on September 15, 1988. Sullivan Construction was obligated to commence work, including the erecting of the temporary signs and barricades, as of September 14, 1988, and could not wait until resolution of the payment dispute to commence work.
On October 12, 1988, Nelson submitted to Thomas Bergeron, district construction engineer for the DOTD, a proposed plan change requesting direct compensation for Sullivan Construction in the amount of the cost of the temporary signs and barricades. Bergeron recommended approval of the proposed plan change on October 25, 1988, and forwarded the request to Earl Cryar, chief construction engineer administrator for the DOTD. After discussing the matter with Chief Engineer White, Cryar rejected the proposed plan change by letter dated December 21,1988, as contrary to the specifications.
On October 25, 1990, Frank Sullivan filed suit against the DOTD. A bench trial was held on April 13, 1992, and by judgment dated April 20, 1992, the trial court rendered judgment in favor of Frank Sullivan, Jr., in the amount of $50,398.72, the stipulated cost of the temporary signs and barricades.
*30 The DOTD appeals, alleging that the trial court erred: (1) in finding the contract had been breached by the DOTD, (2) in failing to apply the clear and unambiguous terms of the contract, (3) in allowing Sullivan to take advantage of an alleged error in the contract where Sullivan Construction had failed to discharge its obligations under the contract and law, (4) in reforming the public works contract between Sullivan and the DOTD to reflect the intent of a DOTD employee other than the chief engineer, and (5) in allowing parol and other evidence outside the four corners of the written contract between Sullivan and the DOTD.
DISCUSSION
Legal agreements have the effect of law between the parties, and courts are bound to give legal effect to all such contracts according to the true intent of the parties. Con-Plex, Division of U.S. Industries, Inc. v. Louisiana Department of Transportation & Development, 439 So.2d 567, 570 (La.App. 1st Cir.1983). The parties’ intent is to be determined by the words of the contract when they are clear and explicit. However, where the terms of the agreement are unclear, ambiguous or will lead to absurd consequences, the court may go beyond the original agreement to determine the true intent of the parties. Con-Plex, 439 So.2d at 570.
A contractor is obligated to perform in accordance with contract plans and specifications. O & M Construction, Inc. v. State Division of Administration, 576 So.2d 1030, 1039 (La.App. 1st Cir.) writ denied, 581 So.2d 691 (La.1991). However, it is well settled that the requirement of public bidding, LSA-R.S. 38:2211 et seq., is not fulfilled unless the plans and specifications are sufficiently definite and explicit beforehand. Con-Plex, 439 So.2d at 569. If the DOTD fails to provide sufficiently definite and explicit plans and specifications, it will be liable for the additional costs incurred as a result of this failure. See Con-Plex, 439 So.2d at 570.
The contract documents involved in this ease include the contract with the summary of bid items, the specific plans and specifications, and the 1982 edition of the Louisiana Standard Specifications for Roads and Bridges. The issue at hand involves the interpretation of these documents to determine if the contract was explicit and specific regarding the provisions for temporary signs and barricades.
Regarding payment for temporary signs and barricades, the trial court concluded, in oral reasons for judgment, that the “DOTD failed to provide sufficiently detailed and explicit plans and specifications, i.e. failure to include as a bid item the temporary signs and barricades.” We agree.
Section 107.10 of the Standard Specifications, entitled “BARRICADES AND WARNING SIGNS,” provides in pertinent part:
Unless a pay item for “Temporary Signs and Barricades” is provided in the contract, all materials furnished and work performed as provided by this Subsection shall be considered as subsidiary and the costs thereof shall be included in the various bid items of the contract.
Section 713.05(a) further provides in pertinent part:
713.05 METHOD OF MEASUREMENT.
(a) Temporary Signs and Barricades: When the contract does not include a pay item for “Temporary Signs and Barricades,” the providing of temporary construction signs, barricades and related devices necessary for the protection of the public will not be measured for payment.
However, the special provisions of the contract provide in pertinent part:
It is understood by the bidder that the quantities given in this proposal are a fair approximation of the amount of work to be done and that the sum of the products of the approximate quantities multiplied by the respective unit prices bid shall constitute gross sum bid, which sum shall be used in comparison of bids and awarding of the contract. (Emphasis added.)
The “quantities” referred to in this paragraph are the quantities of work listed in the “Schedule of Items.” While plan sheets 34, 35 and 36 specifically lay out the types of *31 signs required and the positions of these signs, no pay item was included in the Schedule of Items to represent this quantity of work. Thus, the quantities listed in the Schedule of Items do not represent a fair approximation of the amount of work in the case at bar.
Moreover, Section 105.04 of the Standard Specifications provides: “In case of discrepancy, calculated dimensions will govern over scaled dimensions; plans will govern over standard specifications or supplemental specifications; supplemental specifications will govern over standard specifications; special provisions will govern over standard specifications, supplemental specifications and plans.” (Emphasis added.)
We find that Sections 107.10 and 713.05(a) of the Standard Specifications conflict with the provision in the contract stating that the quantities provided in the Schedule of Items will represent a “fair approximation of the amount of work to be done.” Therefore, an ambiguity existed in this contract.
Because the contract was ambiguous in that it failed to include a pay item to represent the amount of work relating to temporary signs and barricades, the trial court was correct in looking beyond the original agreement to determine the true intent of the parties. Con-Plex, 439 So.2d at 570.
It is undisputed that the bid items for projects of this nature customarily included a line item pay provision for temporary signs and barricades.[2] The DOTD was also made aware that its omission of this pay item created an ambiguity prior to bid letting, when several contractors contacted the DOTD questioning the omission.
Moreover, it is readily apparent from the record that both plaintiff and the Department originally contemplated that plaintiff would be paid for these items. It is also apparent from the record that the DOTD did not act promptly to take remedial action and was somewhat less than forthright with Sullivan and other potential bidders upon discerning this error. While we are cognizant of the strong policy reasons underlying the public bid laws, we cannot allow the DOTD to take advantage of the ambiguity created by its unintentional omission and to incur a windfall at plaintiffs expense.
For these reasons, we conclude that the trial court did not err in finding that the DOTD failed to provide sufficiently definite and explicit plans and specifications as contemplated and required by the public bid laws. Accordingly, the DOTD is liable for the additional cost incurred by Sullivan Construction in providing and erecting temporary signs and barricades.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in favor of plaintiff, Frank G. Sullivan, Jr., d/b/a Sullivan Construction Company, and against defendant, the Department of Transportation and Development. Costs of this appeal in the amount of $728.28 are assessed against defendant, the Department of Transportation and Development.
AFFIRMED.

. While Dempsey White, chief engineer for the DOTD, testified that the DOTD became aware of this omission after bid letting but prior to signing of the formal contract, there is evidence in the record that the DOTD was in fact aware of this omission during the period of advertisement pri- or to receiving the bids.

. By stipulation, the DOTD agreed that 102 contracts in excess of $3,000,000.00 had been awarded by the Department since January 1, 1987, and of those 102 contracts, the only contract in which there were plans for temporary signs and barricades, but for which the pay item was omitted, was the contract in question.