jjDOUCET, Judge.
This case concerns the propriety under the public bid laws of the award of a lease by the Airport Commission of Airport District No. 1 of Jefferson Davis Parish (Airport Commission).
The Airport Commission owns a tract of land located on Louisiana Highway 26 in Jennings, Louisiana. Located on the proper *752 ty are improvements formerly used as a Chevron Station. In late December 1991, and early January 1993, the Airport Commission advertised for bids for the lease of the property, as follows:

j¿PUBLIC NOTICE

The Airport Commission of Airport District # 1 of Jefferson Davis Parish, Courthouse, Jennings, Louisiana, will open bids on the 8th day of January, 1992 at 8:30 a.m. at the office of the Airport Commission, Jennings Airport, for a service station lease for the facility known as the Chevron Service Station located approximately at the corner of Interstate 10 and Louisiana Highway 26. A lease form containing the terms of the lease may be obtained by writing W.J. Riley, III, P 0 Box 1188, Jennings, Louisiana 70546. The minimum terms of the said lease shall be as follows:
A rental of five (5) cents per square foot on a 200 by 200 foot bases shall be charged as a minimum rental or TWO THOUSAND ($2000.00) dollars/month.
Further, there shall be a charge on all motor fuels sold as follows:
One (1) cent on the first twenty-five thousand (2500) gallons; one-half cent on the next twenty-five thousand (2500) and one-quarter cent per gallon on the remaining gallons of motor fuel sold.
The initial term of said lease shall be for ten (10) years commencing upon execution of the lease. There will be two (2) five (5) year option periods. The said base rental referred to above shall increase ten (10) percent during the first five (5) year option period over and above the preceding periods rental and a ten (10) percent increase will be in effect for the second five (5) year option period based upon an increase over the previous five (5) year option period. Further, the purpose of the lease is to operate a retail outlet for petroleum and grocery production and other related services. Any additional business can be operated with the prior written approval of the Commission. Perspective bidders must attach to their bids a commitment letter from a motor fuel wholesaler for the supply of motor fuels. Bidders must make arrangements with the current occupant of the said premises for the purchase and ownership of any and all fuel storage tanks located on or under the subject property. Bidders must commit to removal of tanks and pipes at the termination of the lease. The Airport Commission hereby reserves the right to reject any and all bids. Certification that bidder is an equal opportunity employer is required.
s/Ethelyn Caldewell Secretary Airport Commission of Airport District # 1 of Jefferson Davis Parish, Louisiana
(emphasis in record; added at trial level).
laThree bids were received and opened. The bid from Kleiser, Inc. consisted of a proposal to pay a monthly rental of $2,657.00 in addition to the charge on all motor fuels sold.
Shop Rite, Inc. (Shop Rite) bid a monthly rental of $2,300.00 in addition to the charge on all motor fuels sold. Shop Rite also included in its bid, a proposal to change the form lease sent to each potential bidder to allow sale of high alcohol content liquor. It further proposed a lease of additional property at the rear of the advertised property to accommodate a diesel fueling operation. Additionally, Shop-Rite outlined its plan for operation of the property, including a plan to demolish the existing building and construct a “3,200 square foot modem food store/fast food operation” and to upgrade the fueling facility to include multi dispensers at an estimated cost to Shop Rite of $500,000.00. Finally, Stop Rite included an outline of its corporate structure, financial references, and photographs of other Shop Rite facilities.
Cody’s Enterprises, Inc. (Cody’s) also submitted a bid which included a proposal to demolish the existing structure and build a new facility at an estimated cost of $250,-000.00. Cody’s also included projected gasoline sales, a market study, references, and financial statements of other similar businesses it owns.
*753 After taking the bids under advisement the Airport Commission awarded the lease to Shop Rite.
Kleiser, Inc., Kirkland Kleiser and Vicki Kleiser filed suit against the Airport Commission alleging that the Airport Commission violated the public bid law by failing to award the lease to Kleiser, Inc. since it had the highest bid, and asking for damages resulting to them.
The trial was bifurcated. On February 24, 1993, a trial held on the issue of whether the Airport Commission properly awarded the lease to Shop Rite. At the conclusion of the plaintiffs’ ease, the defendants moved for an involuntary dismissal, which the trial judge granted. Plaintiffs appeal.
|40n appeal, the plaintiffs contend that the trial judge erred in granting the defendants’ motion because the plaintiffs established their ease by a preponderance of the evidence. They argue that they introduced evidence to show that Kleiser, Inc. was the highest bidder; that Shop Rite’s bid was invalid; and that the Airport Commission was arbitrary and capricious in awarding the bid to Shop Rite.

VALIDITY OF SHOP RITE’S BID

We will first consider the plaintiffs’ contention that Shop Rite’s bid was invalid because it went beyond the specifications of the public notice and included reference to the bidder’s intention to build a new building.
The law is well-settled that it is only where there is “a substantial variance between bid specifications and a bid,” that the bid must be rejected. Tide Equipment Company v. Pointe Coupee Parish Police Jury, 312 So.2d 154 (La.App. 1st. Cir.1975), writ denied 315 So.2d 38 (La. 1975); Toye Bros. Yellow Cab Co. v. City of New Orleans, 264 So.2d 768 (La.App. 4th Cir.1972), writ refused 263 La. 102, 267 So.2d 210.
King Cold Storage v. New Orleans, 522 So.2d 169, 171 (La.App. 4 Cir.), writ denied, 530 So.2d 82 (La.1988).
Shop Rite’s bid met all bid specifications. Additionally, Shop Rite further exceeded the bid requirements by outlining its plans for improvement and operation of the facility. Both Shop Rite and Cody’s included documentation supporting their ability to successfully operate the facility, as well as outlines of their plans to improve the property. We cannot say that Shop Rite’s bid varied substantially from the bid specifications by going beyond the bare mínimums required by the bid specification to include supporting documentation.

HIGH BID

The plaintiffs further assert that the Airport Commission was required by La.R.S. 41:1215 to award the lease to the highest Ifibidder. They further argue that since on its face Kleiser, Inc.’s bid was the highest, the Airport Commission was arbitrary and capricious in awarding the bid to Shop Rite.
The situation before us is similar to that presented in Plantation on the Green, Inc. v. Gamble, 441 So.2d 299 (La.App. 4 Cir.), writ denied, 443 So.2d 600 (La.1983). That case concerned bids solicited by the Audubon Park Commission for lease of a restaurant located in the Audubon Zoo. The two bidders, Plantation on the Green, Inc. and SBG, bid almost identical guaranteed minimum rents. However, Plantation bid 3% of gross revenues to SBG’s bid of 2.5%. Both bidders presented projected revenue figures. In spite of the higher figures presented in Plantation’s bid, the lease was awarded to SBG. Plantation sued. On appeal, the court did not limit the determination of the high bid to a comparison of the figures contained in the bids saying:
Although R.S. 41:1215 requires that the highest bid be accepted, a decision as to which bid was highest in this case depended in part on which proposal the Commission felt would be more successful and therefore generate more revenue for the Park. This determination rested to some degree on an evaluation of the ability of the bidders to establish and run a successful restaurant. From the foregoing it is obvious that a mere mechanical comparison of projected revenues was not the *754 proper method to determine which proposal was higher.
Plantation on the Green, supra, at p. 302.
In the case currently before us, the determination as to which bidder could successfully generate more income for the Airport Commission depends upon an evaluation of the ability of the bidders to run a successful convenience store. The Airport Commission, after evaluating the materials presented to it by the bidders, reached the conclusion that Shop Rite would be the more profitable operation and that their proposal would add more to the value of the property. As the court stated in Plantation on the Green, supra, at p. 303:
IsThe clear intent of the legislature in enacting the Public Lease Law was:
“to give all persons a chance to bid on leases of public property, to prevent boards and other authorities from favoring one person over others, and to produce to the various agencies of the State ... larger revenues by requiring competitive bidding for the leases.”
Ellis v. Acadia Parish School Board, 211 La. 29, 29 So.2d 461 (1946). See also Giles v. New Orleans City Park Improvement Association, 306 So.2d 823 (La.App. 4th Cir.1975).
Further, this court will not substitute its judgment for the good faith judgment of an administrative agency where that judgment is exercised in a fair and legal manner and not arbitrarily. Haughton Elevator Division v. State, Etc., 367 So.2d 1161 (La. 1979).
Terry Terrbonne, Vice-President of the Airport Commission, testified by way of deposition. He stated that the Commission considered the bids not only in terms of the bid amounts, but in terms of capital outlay and value added to the property.
At trial, the plaintiff presented evidence of its intent to remodel the facility and of the process by which it reached its rent bid. However, it is undisputed that this information was not before the Airport Commission in reaching its decision. Further, even if this information had been considered, the Airport Commission could still have concluded that Shop Rite had the ability to run the more successful operation and that their proposal would do the most to enhance the value of the property.
Accordingly, we conclude that the Airport Commission did not abuse its discretion by failing to award the lease to the highest bidder. The plaintiffs did not carry their burden of proving that they were the high bidder. As a result, the trial judge correctly granted the defendants’ motion for involuntarily dismissal.
The judgment of the trial court is affirmed at plaintiffs’ cost.
AFFIRMED.