Dear Mayor Tallo:
You have requested an opinion of this office regarding the criteria that should be examined to measure "the greatest benefits to the public in services and financial return" as required by Louisiana Revised Statute 2:135.1 B(1) (c). More specifically, you ask if the City of Hammond must rely on purely financial projections when reviewing bids for leasing airport property or if the city could award a bid based on non-monetary benefits to the public.
Louisiana Revised Statute 2:135.1 B(1) (c) states:
 The lessor shall accept only the highest bid submitted which yields the greatest benefits to the public in services and financial return to it by a person or persons who meet all of the conditions of this Part. The lessor shall have the right to reject all bids.
As Louisiana Revised Statute 2.135.1 requires application of the provisions of Public Bid Law (see Revised Statute 38:2181 et seq.) or the provisions regarding leases of public lands (see Revised Statute 41:1211
et seq.), the court's directive in Plantation on the Green, Inc. v.Stephen B. Gamble, et al, 441 So.2d 299, is relevant to your inquiry. InPlantation, the court states:
 The clear intent of the legislature in enacting the Public Lease Law was "to give all persons a chance to bid on leases of public property, to prevent boards and other authorities from favoring one person over others, and to produce to the various agencies of the State larger revenues by requiring competitive bidding for the leases." (p. 303).
As the above discussion reveals, the intent of the court and the legislature in providing directives regarding leases of public property is clearly to establish fair opportunity and equal access to the bidders.
In awarding the bid for a lease of airport property, it appears that the City of Hammond wishes to consider "non- monetary benefits" such as "enhancement of the general welfare" and other subjective "quality of life" criteria. We suggest that in order to incorporate the desired criteria into the bid proposal, the City should put all of the requirements in concrete and specific terms in the bid specifications. Logically, all of the bids being considered by the city would meet the threshold requirements as delineated in the bid specifications. By establishing clear, unambiguous and concrete specifications which establish a priori the minimal benefits the City wishes to incorporate into the bid proposal, the City could follow the statutory requirements of Louisiana Revised Statute 2:135.1 B 1(c) and accept the highest bid which yields the greatest benefits to the public in services and financial return. In essence, in establishing the desired "non-monetary benefits" into the specifications, all bids submitted would, of necessity, produce the pre-determined effects.
In Pelican Aviation Corporation et al. v. Airport Authority For theParish of Iberia, Louisiana, 372 So.2d 1266, the court held that a bid award was null and void because "the bid specifications were too indefinite." (p. 1266). Further, the court states:
 It is well settled that the requirement of public bidding is not fulfilled unless there are sufficiently definite and explicit plans adopted beforehand. (p. 1268).
Without clarity in the bid specifications, bids would be:
 [I]nsufficient to serve their purpose of insuring fair competition among those bidding and protecting the public from the possibility of bias and favoritism in making the award. (p. 1268).
You also ask if the city must "rely on purely financial projections." InPlantation on the Green, Inc. v. Stephen B. Gamble, et al., 441 So.2d 229, the court states:
 Although R.S. 41:1215 requires that the highest bid be accepted, a decision as to which bid was highest in this case depended in part on which proposal the Commission felt would be more successful and therefore generate more revenue for the Park. This determination rested to some degree on an evaluation of the ability of the bidders to establish and run a successful restaurant. (p. 302).
In Plantation, the Commission considered "a variety of factors beyond mere dollars and cents."(p. 302). The Commission examined the qualifications of each party as a restaurateur, the future expansion of the facility, the greater rental return and the restaurateur's experience and qualifications.
In Plantation, both parties submitted bids that contained speculative and projected income. As a result, the Commission evaluated the opposing bids from a standpoint of which restaurateur was more likely to achieve his projected goal. The court stated:
 From the foregoing it is obvious that a mere mechanical comparison of projected revenues was not the proper method to determine which proposal was higher. (p. 302).
In Kleiser, Inc. v. Airport Commission of Airport District No. 1 ofJefferson Davis Parish and ShopRite, Inc., 640 So.2d 751, the court relied on Plantation on the Green, Inc. in evaluating opposing bids. InKleiser, the court supported the Airport Commission's considering not only bid amounts but capital outlay and value added to the property. In both Plantation and Kleiser, the court evaluated the bids based on overall economic impact. Finally, citing Haughton Elevator Division v.State, Etc., 367 So.2d 1161 (La. 1979), the Kleiser court stated:
 [T]his court will not substitute its judgment for the good faith judgment of an administrative agency where that judgment is exercised in a fair and legal manner and not arbitrarily. (p. 754).
In conclusion, the various cases discussed herein should offer some guidance to the City in establishing criteria by which to measure the greatest benefit to the public in services and financial return. If the City of Hammond wishes to include "non-monetary benefits" in its evaluation of bids for lease of airport land, it is best to establish the parameters for benefits and services to the public in the bid specifications. Perhaps Attorney General Opinion 99-442 which concerns factors considered in negotiating a lease can provide additional guidance in establishing bid specifications. In that opinion, several factors to examine are suggested: objective criteria relating to a balancing of factors including but not limited to highest rent or highest percentage of gross profits, quality control of products, financial stability, architectural design, uniqueness of operation, and overall economic importance to the primary objective of stimulation of other industrial or commercial activity within such development."
We trust this opinion is sufficient to respond to your inquiries.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
By: ____________________
 SUE MCNABB Assistant Attorney General
RPI:SM/sfj
DATE RELEASED: June 21, 2002